# EDDIE SIMONSON

### vs.

# STATE OF MARYLAND.

*Indictment—Surplusage—Illegal Liquor Sale—Exception in Statute.*

An indictment under a statute forbidding the sale of liquor in Frederick County was not defective because, besides alleging that the offense was committed in that county, it also alleged that it was committed "within the police limits of the City of Frederick," such limits being within the county, and the latter allegation being consequently mere surplusage.  pp. 415, 416

A provision, in a statute prohibiting the sale of liquor, by which succeeding legislatures might except from the provisions of the statute the sale of liquor for one or more of certain purposes named, is not an exception in the statute, required to be negatived in an indictment thereunder.  p. 416

The propriety of the sentence imposed cannot be considered on appeal, when the record fails to show that any objection was made to the sentence in the court below and proceedings taken thereon properly presenting the question on appeal. p. 417

*Decided June 25th, 1923.*

Appeal from the Circuit Court for Frederick County (URNER, C. J., and WORTHINGTON, J.).

Criminal proceeding against Eddie Simonson. From a judgment of conviction and sentence, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, STOCKBRIDGE, and OFFUTT, JJ.

*Samuel A. Lewis* and *Arthur D. Willard*, for the appellant.

*Alexander Armstrong, Attorney General*, with whom were *Lindsay C. Spencer, Assistant Attorney General*, and *Aaron R. Anders, State's Attorney for Frederick County*, on the brief, for the State.

PATTISON, J., delivered the opinion of the Court.

The appellant in this case was indicted in the Circuit Court for Frederick County in these words:

"The Grand Jurors of the State of Maryland, for the body of Frederick County, upon their oaths and affirmation, do present that Eddie Simonson, late of said county, on the fifteenth day of July, in the year nineteen hundred and twenty-one, within the police limits of the City of Frederick, at the county aforesaid, unlawfully did sell alcoholic, spirituous, vinous, fermented, distilled, malt liquors and intoxicating bitters, liquid mixtures and preparations, which will produce intoxication, to wit: One-half pint of whiskey to Robert Diggs, contrary to the form of the Act of Assembly, in such case made and provided, and against the peace, government and dignity of the State."

To this indictment a demurrer was filed and overruled. The case then proceeded to trial and the defendant was found guilty and sentenced to imprisonment in the jail of Frederick County for the term of four months.

An appeal was taken from the judgment, but no bill of exceptions is found in the record, therefore, the only question before us is the ruling of the court upon the demurrer.

The description of the offense follows the language of sec. 5, of chap. 30 of the Acts of 1916, under which the appellant was indicted, which provides that, .

"It shall be unlawful for any person, persons, social club, firm or corporation to manufacture for sale, sell or purchase for sale, transport for sale, dispense or otherwise dispose of any alcoholic, spirituous, vinous,

fermented, distilled or malt liquors or intoxicating
bitters or liquid mixtures or preparations, whether
patented or not, which will produce intoxication."

The statute applies to all of Frederick County, which includes both the City of Frederick, and the "police limits of the City of Frederick." The latter unit embracing the City of Frederick and some of the adjacent territory.

In 1902, an act was passed (chap. 427), relating to the sale of spirituous and fermented liquors within the "police limits of Frederick City," in Frederick County.

This act required those wishing to sell spirituous or fermented liquors or lager beer, within the "police limits of the City of Frederick" to first obtain a license therefor, and for a sale of such liquors or lager beer without such license, the act imposed "a fine of not less than one hundred dollars, nor more than five hundred dollars, or undergo imprisonment in the jail of Frederick County for not less than three months nor more than twelve months, or to both fine and imprisonment at the discretion of the court."

The Act of 1916, already referred to, which was passed, of course, after the Act of 1902, and while the latter was in force, provided "that any person * * * selling * * * any alcoholic * * * liquors * * * within (Frederick County) shall be liable for all the penalties now or hereafter prescribed for * * * selling * * * intoxicating liquors without a license."

The appellant claims he was prejudiced by the allegation in the indictment that the offense was committed in the "police limits of the City of Frederick," which we have said was wholly in Frederick County. The indictment not only alleges that the offense was committed in the "police limits of the City of Frederick" but also that it was committed in Frederick County. As the act applied to the whole county, this was sufficient without alleging with more particularity that the offense was committed within the "police limits of the City of Frederick." Therefore, the allegation that the offense was committed within the "police limits of the City

of Frederick" was merely surplusage and it in no way affected the validity of the indictment. The fact that the appellant was charged with having committed the offense within the "police limits of the City of Frederick" could in no possible way have prejudiced his rights, but on the contrary it informed him with greater certainty as to the place at which he was charged with the commission of the offense, and was a benefit rather than an injury to him.

It is also claimed that the indictment is defective, because it fails to negative an exception which is said to be found in the act.

That which is referred to as an exception is the provision found in the Act of 1916, at the end of the clause prohibiting the sale of intoxicating liquors and compounds therein mentioned "except for medicinal, pharmaceutical, scientific, sacramental or mechanical purposes, as may be allowed under the provisions of such acts as the General Assembly of Maryland shall pass at its regular session held next after the date of such election or any subsequent session allowing such sale for such puropses only."

This Court has said, "where there is an exception so incorporated with the enacting clause of the statute, that the one cannot be read without the other, there the exception must be negatived. *Barber* v. *State*, 50 Md. 161; *Kiefer* v. *State*, 87 Md. 562; *Howes* v. *State*, 141 Md. 532.

The said provision referred to by the appellant as an exception is not an exception, nor does the act create one. It is merely a provision by which succeeding legislatures might except from the provisions of the act the sale of intoxicating liquors, etc., for one or more of the purposes therein mentioned. But until such legislation was passed there were no exceptions from the provisions of the act, and if such legislation were passed, the exceptions created thereby, under the cases cited, would certainly not be of such character as to require them to be negatived in the indictment. *Kelly* v. *State*, 139 Md. 204.

The claim is made in the appellant's brief that the court was without authority to impose a sentence of imprisonment. This question, however, was not presented by the demurrer, and as the record fails to show that any objection was made to the sentence in the court below and proceedings taken thereon properly presenting the question to this Court on appeal, it cannot now be considered by us. *Mitchell* v. *State,* 82 Md. 527.

As we find no error in the ruling of the court below, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*