## CHARLES W. BENNETT *v.* STATE OF MARYLAND

[No. 11, January Term, 1942.]

*Decided March 3, 1942.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*V. Calvin Trice,* with whom were *Duer, Hearne & Duer* and *L. Atwood Bennett* on the brief, for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *Rex A. Taylor, State's Attorney for Wicomico County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

The appellant, Charles W. Bennett, County Treasurer of Wicomico County, was convicted by a jury in Wicom-

ico County on three counts, being the twenty-eighth, twenty-ninth and thirtieth counts, of an indictment for the common-law crime of misfeasance in office. As a result of this conviction, the court passed a sentence that he be removed from the office fo Treasurer of Wicomico County and that he pay a fine of $100 and costs. From the judgment and sentence he appeals to this court.

The part of the twenty-eighth count of the indictment considered on demurrer is, "having been duly elected County Treasurer for Wicomico County, and having duly qualified as county treasurer, as aforesaid, and while then and there duly acting in the capacity as County Treasurer for Wicomico County, unlawfully and negligently did countersign certain checks without the County Commissioners of Wicomico County having previously thereto duly allowed, approved and passed vouchers for the payment of any claims against Wicomico County for which said county treasurer countersigned said certain checks, as aforesaid, and the said Charles W. Bennett, in the manner and by the means aforesaid violated the duty of his office while acting as county treasurer, as aforesaid, * * *." The part of the twenty-ninth count considered is that he "having been duly elected County Treasurer for Wicomico County, and having duly qualified as county treasurer, as aforesaid, and while then and there duly acting in the capacity as county treasurer, as aforesaid, unlawfuly and negligently did countersign certain checks without the County Commissioners of Wicomico County then and there duly allowing, approving and passing vouchers for the payment of any claims against Wicomico County for which said county treasurer countersigned said certain checks, as aforesaid, and the said Charles W. Bennett, in the manner and by the means aforesaid violated the duty of his office while acting as county treasurer, as aforesaid, * * *." The part of the thirtieth count considered is that he "having been duly elected County Treasurer for Wicomico County and having duly qualified as county treasurer, as aforesaid, and while then and there duly acting in the capacity

as County Treasurer for Wicomico County, unlawfully and negligently did countersign certain checks without the County Commissioners of Wicomico County having previously thereto duly allowed, approved and passed vouchers for the payment of any claims against Wicomico County for which said county treasurer countersigned said certain checks, as aforesaid, whereby the said Charles W. Bennett, in the manner and by the means aforesaid, enabled Rachel W. Day, clerk of the County Commissioners of Wicomico County, to take said certain checks into her possession and appropriate the same to her own use, and the said Charles W. Bennett, in the manner and by the means aforesaid, violated the duty of his office while acting as county treasurer, as aforesaid, * * *."

By Code, 1939, Article 25, Section 1, the County Commissioners are given charge and control of the county property, and by Section 9 are directed to assess and collect taxes for county expenses. Section 207 of Article 23 of the Code of Public Local Laws, 1930, of the county, provides that money duly deposited shall only be drawn "upon the check of the president of the county commissioners, countersigned by the treasurer, in payment of debts and accounts due by Wicomico County, duly approved and passed by said county commissioners and by them ordered to be paid." This was more or less a system of checks and balances.

A demurrer was filed to each count of the indictment and that demurrer to the three counts aforesaid on which appellant was convicted is first considered by us here. Appellant contends that there is no duty nor any provision by law for the county treasurer to do or have to do with considering, acting and passing upon any claim or debt of the county and that this is the duty and the power of the county commissioners alone. That contention is sound. The charges in these counts of the indictment do not deny the right of the treasurer to rely upon the county commissioners for the proper approval and passage of the accounts. It was the duty of the

treasurer, however, to see that the accounts had been approved by the county commissioners before he countersigned the checks. Whether this determination should have been by previous signature of the check by the president of the commissioners, or otherwise, is not before us. The subsequent evidence is not before us in the record and considering it apart from that evidence as, of course, it must be considered by us on the demurrer, the charge is nothing more than negligently countersigning certain checks without the Commissioners of Wicomico County having duly allowed and approved vouchers for the payment of the claims in violation of his statutory duty of verifying the approval of the claims by the county commissioners. There is no restriction to any particular method of determining whether the debts and accounts had been duly allowed, approved and passed by the county commissioners and there is no denial of any right to rely on the county commissioners for properly determining whether such accounts should have been paid. The charge is nothing more than that of countersigning checks without the county commissioners having duly approved and passed vouchers for the payment of the claims. Countersigning without the approval of the county commissioners is the gist of the charge and that action constitutes a dereliction of his duty. *Larmore et al. v. State,* 180 Md. 347, 24 A. 2d 284, 284. It could not be contended that the county treasurer could countersign as many checks as he desired in violation of the established system. He could only lawfully countersign checks after the president of the Board of County Commissioners had signed each check in payment of debts and accounts due by Wicomico County duly approved and passed by said commissioners and by them ordered to be paid. If the charge in the indictment was too general to give him the information needed for his defense, the correction for that would have been a demand for a bill of particulars and the compliance with that demand. It does not appear that the defendant was prejudiced in his defense by the lack of

particularity.  As was said by Chief Judge Bond in the case of *Larmore v. State, supra*: "It is objected that this charge demands the exercise of an impossible degree of care on the part of the commissioners, and wrongly supposes that they are denied any right to rely upon the honesty and care of their clerk.  But the court does not see that it is properly subject to this criticism.  Considered apart from the subsequent evidence, as it must be considered on the demurrer, the charge is nothing more than that of passing payments negligently, without making the inquiries that would enable them to perform their statutory duty of verifying the indebtedness.  There is no restriction to any particular method, and no denial of any particular reliance.  Passing for payment without any inquiry is the gist of the charge, and that action would constitute a dereliction of duty.  The only objection which might have been made would seem to have been that it was too general to give the defendants exact information needed for their defense, and the corrective for that defect would have been a bill of particulars. *Neusbaum v. State,* 156 Md. 149, 143 A. 872.  The court does not see, however, any likelihood that the defendants were prejudiced in their defense by lack of particularity in the counts."  The demurrer in the instant case was properly overruled.

The remaining contention argued by the appellant on appeal is that the court was not authorized by law to order the removal of the treasurer from office.  Section 29 of Chapter 14 of the Acts of 1904, now codified as Section 226 of Article 23 of the Code of Public Local Laws, 1930, as set forth therein, provides: "The said county treasurer shall be subject to removal from office at all times by the judges of the Circuit Court for Wicomico County, upon conviction for wilful neglect of duty, misdemeanor of malfeasance in office, and said conviction shall be based upon presentment and indictment by the grand jury of Wicomico County."  An error was made in copying this Act as shown by an examination of the original Act in the custody of the Hall of

Records, which shows that the original Act provided that the treasurer may be removed "upon conviction for wilful neglect of duty, misdemeanor *or* malfeasance in office." The italics are inserted here. According to the record, the appellant did not object to the sentence imposed by the trial court nor did he move to strike it out or take any proceedings thereon to properly present the question to this court on appeal and therefore as the trial court had jurisdiction, we are prevented from reviewing this point. Code, 1939, Art. 5, Sec. 10; Rule 4, Court of Appeals of Maryland; *Mitchell v. State,* 82 Md. 527, 34 A. 246; *Novak v. State,* 139 Md. 538, 115 A. 853; *Simonson v. State,* 143 Md. 413, 122 A. 362; *Heyward v. State,* 161 Md. 685, 697, 158 A. 897; *Ex parte General News Bureau, Inc.,* 162 Md. 643, 161 A. 259.

Although we cannot review the judgment and sentence, it might be well to note that defendant was convicted of a misdemeanor in office as the result of a trial in a judicial tribunal, on an indictment, where he had the opportunity to be heard and make his defense and plainly from Section 29 of Chapter 14 of the Acts of 1904, *supra,* the judges of the Circuit Court had the power upon conviction for a misdemeanor in office to remove the treasurer. *Townsend v. Kurtz,* 83 Md. 331, 343, 344, 34 A. 1123. As the court finds no error, the judgment will be affirmed.

*Judgment affirmed, with csots.*