334 So.2d 819 (1976)
Donald R. CROWDER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1859, 75-2271.
District Court of Appeal of Florida, Fourth District.
July 2, 1976.
Rehearing Denied August 2, 1976.
Robert J. Buonauro and James N. Powers, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Cases 75-1859 and 75-2271 have been consolidated for the purpose of this appeal. Defendant, in the first case, appeals his conviction of buying, receiving and aiding in the concealment of a stolen boat motor. In the second case, the same defendant appeals *820 from the sentence imposed, after he plead nolo contendere pursuant to a plea bargain agreement, to the offense of buying, receiving and aiding in the concealment of a stolen pistol. The two cases will be discussed separately.

CASE NO. 75-1859
Defendant first challenges the sufficiency of the evidence and contends that the trial judge erred in failing to grant his motions for acquittal. We find the evidence sufficient to sustain the conviction. The state presented direct and circumstantial evidence which, if believed by the jury, would have established defendant's guilt beyond a reasonable doubt. The defendant presented testimony which, if believed by the jury, would have required a verdict of "not guilty". Apparently the jury resolved the conflicts in favor of the state and against the defendant.
Defendant next contends that reversible error was committed during closing argument when the prosecuting attorney referred to the defendant as a "fence". In the context of this case, it is debatable whether the use of the word "fence" was a proper comment. However, defendant failed to make timely objection and is foreclosed from raising this issue on appeal. State v. Jones, 204 So.2d 515 (Fla. 1967). The prosecutor's comment was not of such character and magnitude as to constitute fundamental error.
Defendant's next point concerns the validity of a special condition of his probation. Condition 10 of the Order of Probation requires the defendant to "make restitution to the following in the amounts to be determined by the probation supervisor: Robert Anderson, ..." Robert Anderson was the owner of the stolen property in this case. However, in addition, to Robert Anderson, twenty other persons were named in Condition 10. These other persons were the victims in twenty other burglaries.
The issue is whether the trial judge, as a condition of probation in this case, may require the defendant to make restitution to the victims of twenty other offenses other than the particular offense for which he had been convicted. Under the provisions of Fla. Stat. § 948.03 (1975), the sentencing judge sets the terms and conditions of probation and may include among them the provision that the probationer shall:
"Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." Fla. Stat. § 948.03 (1975).
We believe that this provision, which allows the court to require a defendant, as a condition of his probation, to make restitution to the aggrieved party in a particular case, would not authorize the court to require the defendant to make restitution in other unrelated cases for which the defendant has not been convicted. (This would not prevent the court from including such conditions in a probation order where the defendant, as a part of a plea bargain, acknowledges his responsibility for the other offenses and agrees to make restitution.) We hold that the trial judge exceeded his authority in requiring the defendant, as a condition of his probation, to make restitution in twenty cases unrelated to the offense for which he was convicted. This portion of Condition No. 10 of the Order of Probation is reversed. The remainder of the probation order is affirmed and it will not necessary for the trial judge to resentence the defendant.
Affirmed in part, reversed in part.

CASE NO. 75-2271
In the second case, the defendant contends that he was not sentenced in accordance with the terms of his plea bargain agreement. He initally entered a plea of not guilty, but after his conviction in Case No. 75-1859, withdrew his guilty plea and entered a negotiated plea of nolo contendere. *821 Defendant contends that he was to receive a jail sentence in the earlier case, 75-1859, and was to be placed on probation in the instant case, 75-2271. In fact, the reverse took place. The defendant received a jail sentence in this case, and was placed on probation in the first case. Defendant and his attorney allege that they had a different understanding of the agreement than that expressed by them before the court at the time defendant's plea of nolo contendere was accepted.
We find that the court below did not violate the terms of the negotiated plea. The record clearly reflects under the terms of the agreement, the judge in one of the two cases would sentence defendant to jail time. If one did not, the other would. Defendant received probation in Case No. 75-1859; therefore his jail sentence in Case No. 75-2271 did not violate the terms of his negotiated plea.
Affirmed.
WALDEN, J., and DAKAN, STEPHEN LEE, Associate Judge, concur.