432 So.2d 163 (1983)
Joyce DENT, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1772.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
Rehearing Denied June 22, 1983.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant Joyce Dent changed her plea, pursuant to a plea bargain, from not guilty to nolo contendere on a charge of forgery in a credit card transaction. She was given three years probation subject to the condition that she make restitution for unlawful use of the card in an amount to be initially determined by probation personnel subject to hearing and approval by the court. On four occasions the matter came before the court, which ultimately set the amount of restitution at $1,143.42.
Relying on Fresneda v. State, 347 So.2d 1021 (Fla. 1977), and Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981), among other cases, Dent appeals on the basis that the amount she has been ordered to repay bears no relationship to the amount she was convicted of obtaining by use of the credit card. Her allegation is clearly borne out by the record. In the absence of other circumstances the case would be a reversal.
However, the state contends that the plea bargain agreement required repayment of all losses occasioned by Dent's unauthorized use of the card, not simply the amount for which criminal charges were filed. If this were so, then the case would fall within our dictum in Crowder v. State, 334 So.2d 819, 820 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1101 (Fla. 1977):
We believe that this provision, which allows a court to require a defendant, as a condition of his probation, to make restitution to the aggrieved party in a particular case, would not authorize the court to require the defendant to make restitution in other unrelated cases for which the defendant has not been convicted. (This would not prevent the court from including such conditions in a probation order where the defendant, as part of a plea bargain, acknowledges his responsibility *164 for the other offenses and agrees to make restitution.)
and would activate the rationale of similar cases like G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982).
The issue is whether full restitution was a condition of the plea bargain. The collateral issue of whether Dent was sufficiently heard on the amount of restitution is put to rest, at least in our view, by the fact that this matter came before the court on no less than four occasions during 1982. The record is clear that Dent had ample opportunity to contest the amount ultimately established by the trial court as appropriate restitution. On no occasion did she offer or attempt to offer any evidence on the propriety of individual amounts alleged to have been charged by unauthorized use of the credit card.
On the main issue, the record of the hearing on January 25, 1980, shows that the trial court clearly and explicitly indicated that restitution would include all credit card charges arising from Dent's unauthorized activities and neither Dent nor her attorney voiced objection to the court's stated intention. The reasonable inference to be drawn from that and other occurrences reflected in the transcripts is that Dent agreed as part of her plea bargain to make full restitution as represented by the order from which this appeal is taken. In any event appellant has failed to carry her burden of demonstrating reversible error by offering some indication that such was not the case. For that reason we affirm.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.