488 A.2d 949

**Richard Rondy WALCZAK**

v.

**STATE of Maryland.**

**No. 32, Sept. Term, 1983.**

Court of Appeals of Maryland.

March 6, 1985.

Victoria S. Keating, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Alice G. Pinderhughes, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON,* RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

This case presents two issues. The first is whether a defendant's failure to object to the imposition of an illegal condition of probation precludes his raising that issue on direct appeal. The second is whether a trial court may

---

* Davidson, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

order a defendant to pay restitution to a victim of a crime of which the defendant was not convicted.

On June 15, 1981, petitioner Richard Rondy Walczak and three cohorts allegedly entered the residence of Esther Mary Gardner and Judith Lee Martin and there bound and robbed the two women at gunpoint. A Cecil County grand jury presented a fourteen count indictment charging Walczak with two counts of robbery with a dangerous weapon and related offenses. Seven counts of the indictment related solely to the alleged assault upon and robbery of Gardner and seven counts referred solely to the alleged assault upon and robbery of Martin. The robbery counts charged that Walczak stole "the property listed on the annexed sheet which is made a part hereof." The annexed sheet, under the heading "Property Stolen on 6/15/81 from Esther Mary Gardner," listed numerous items and their corresponding dollar values, which totaled $8,325.00. Beneath the heading "Property Stolen on 6/15/81 from Judith Lee Martin," was a second list of items, the total dollar value of which was set at $8,816.95.

Pursuant to an agreement between Walczak and the State, Walczak was tried on count one only, which charged the robbery of Gardner with a deadly weapon. Walczak pleaded not guilty, elected a nonjury trial, and was tried on an agreed statement of facts. He was found "guilty" on count one, and the State nol prossed counts two through fourteen. A presentence investigation was ordered, and sentencing was scheduled for about two months later.

Subsequently the circuit court sentenced Walczak to the maximum allowable term of twenty years' imprisonment for the armed robbery of Gardner. The court suspended the last five years of the sentence and placed Walczak on probation for five years. One of the conditions of probation was that Walczak make restitution of $8,325.00 to Gardner and $8,816.95 to Martin. Although Walczak expressed doubt as to whether he would be able to repay the entire debt in the five year probationary period, he did not other-

wise object to paying restitution to both victims or to the amount ordered. Walczak signed an order of probation which required the restitution payments to both victims.

On appeal to the Court of Special Appeals, Walczak challenged for the first time the authority of the trial judge to order the payment of restitution to a victim of a crime of which he had not been convicted. The Court of Special Appeals declined to reach the issue, holding in an unreported opinion that "since the exception to the order of restitution was not made or ruled upon below, it is not preserved for appellate review," citing Maryland Rule 1085.

Walczak filed a petition for a writ of certiorari presenting the following question:

"Did the court below err in holding that petitioner had no right to relief from the trial court's order to him to pay restitution not authorized by statute?"

The State filed a conditional cross-petition for a writ of certiorari, arguing that the Court of Special Appeals was correct in holding that the restitution order was not preserved for appellate review and that, even assuming *arguendo* that the issue had been preserved, the restitution order was not illegal. We granted both the petition and the cross-petition.

(1)

■ Initially, we address the State's argument that the defendant's failure to object to the restitution order precluded review on direct appeal. The State relies upon the language of Rules 885 and 1085, which provide that this Court and the Court of Special Appeals "will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the circuit court ...." The defendant, however, relying on further language in Rules 885 and 1085, to the effect that "a question as to the jurisdiction of the circuit court may be raised and decided in [the Court of Special Appeals or Court of Appeals], whether or not raised and decided in the circuit

court," argues that the restitution order was illegal and in excess of the circuit court's jurisdiction.[1]

At times this Court has declined to review challenges to allegedly illegal sentences when the defendants failed to object to the sentences at the trial level. *See, e.g., Putnam v. State,* 234 Md. 537, 200 A.2d 59 (1964); *Bennett v. State,* 180 Md. 406, 412, 24 A.2d 786 (1942); *Simonson v. State,* 143 Md. 413, 417, 122 A. 362 (1923); *Mitchell v. State,* 82 Md. 527, 531, 34 A. 246 (1896). *See also Carbaugh v. State,* 294 Md. 323, 327 n. 3, 449 A.2d 1153 (1982). On the other hand, on numerous occasions, this Court and the Court of Special Appeals have reviewed the legality of sentences, including conditions of probation, in the absence of objections in the trial courts. *See, e.g., Whack v. State,* 288 Md. 137, 140, 416 A.2d 265 (1980), *appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981); *Bird v. State,* 231 Md. 432, 434, 190 A.2d 804 (1963); *Kelly v. State,* 151 Md. 87, 99–101, 133 A. 899 (1926); *Klein v. State,* 151 Md. 484, 494, 135 A. 591 (1926); *Rose v. State,* 37 Md.App. 388, 393–394, 377 A.2d 588, *cert. denied,* 281 Md. 743 (1977); *Laurie v. State,* 29 Md.App. 609, 349 A.2d 276 (1976); *Haynes v. State,* 26 Md.App. 43, 337 A.2d 130 (1975). Although this Court has sometimes labeled the imposition of an illegal sentence "jurisdictional," and thus reviewable on direct appeal regardless of any objection below, the Court has also strongly criticized the label. *See Berman v. Warden,* 232 Md. 642, 646, 193 A.2d 551 (1963), expressly overruling *Price v. State,* 159 Md. 491, 151 A. 409 (1930), and noting that the use of the doctrine of plain error or reliance on inherent power of an appellate court to correct error is preferable to calling the error jurisdictional.

---

**1.** We note that an order to pay restitution as a condition of probation has been held to be part of the punishment for the crime. *Spielman v. State,* 298 Md. 602, 610, 471 A.2d 730 (1984). An illegal condition of probation can be challenged as an illegal sentence. *See Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981).

 Obviously the conflict among the appellate decisions in this State should be resolved. We hold that when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774 a, provides that "[t]he court may correct an illegal sentence at any time." Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence. *See Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029 (1981). Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interests of expedition and judicial economy support review of the sentence on direct appeal. *See, e.g., State v. Evans*, 278 Md. 197, 211, 362 A.2d 629 (1976); *Walters v. State*, 242 Md. 235, 238, 218 A.2d 678 (1966); *Hickman v. State*, 242 Md. 91, 94, 218 A.2d 21 (1966); *Petrey v. State*, 239 Md. 601, 603, 212 A.2d 277 (1965); *Johnson v. State*, 237 Md. 283, 293, 206 A.2d 138 (1965); *Royal v. State,* 236 Md. 443, 449–450, 204 A.2d 500 (1964).

(2)

The defendant contends that the statutes governing the imposition of restitution as a condition of probation do not authorize a trial court to order restitution to a victim of a crime of which he was not convicted. The State, on the other hand, argues that the statutes provide a trial court with broad authority to order restitution as a condition of probation.

The General Assembly has addressed the matter of restitution in criminal cases in several statutory sections. The pertinent provisions in this case are as follows. Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Art. 27, § 486, states:

"Every person convicted of the crime of robbery, or as accessory thereto before the fact, shall restore the thing robbed or taken to the owner, or shall pay to him the full value thereof ...."

Art. 27, § 488, relating to armed robbery, provides:

"Every person convicted of the crime of robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto, shall restore to the owner thereof the thing robbed or taken, or shall pay him the full value thereof ...."

The subject of restitution is dealt with specifically in Art. 27, § 640(b):

"(b) *Restitution may be ordered upon conviction of certain crimes; priority of payment.—Upon conviction for a crime* where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as *a direct result of the crime,* or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning *as a direct result of the crime,* or if *as a direct result of the crime,* the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity, the court may order the defendant to make restitution in addition to any other penalty provided for the commission *of the crime.* Payment of restitution to the victim under this subsection has priority over payment of restitution to the Department or any other governmental entity." (Emphasis added.) [2]

The general power of a court to set conditions on a grant of probation is contained in Art. 27, § 641A:

"(a) *Suspension of sentence; probation.—*Upon entering a judgment of conviction, the court having jurisdiction

---

**2.** This section was amended effective July 1, 1982, in order to include certain specific victims to whom payment of restitution may be ordered. *See* Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Art. 27, § 640(b). *See also Montgomery v. State,* 292 Md. 155, 438 A.2d 490 (1981).

may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution."

The State has not relied on Art. 27, §§ 486 and 488, in this case. It has not been suggested that, under those sections, restitution can be made with respect to property which was not the subject of the robbery of which the defendant was convicted.

■ Section 640(b) provides that restitution may be ordered *upon conviction*. The statute repeats three times that restitution depends on damages incurred as a direct result of the crime. It further states that restitution may be ordered "in addition to any other penalty provided for the commission of the crime." Clearly, then, restitution is punishment for the crime of which the defendant has been convicted. Restitution depends on the existence of that crime, and the statute authorizes the court to order restitution only where the court is otherwise authorized to impose punishment.

The State urges that § 641A grants courts broader discretion to impose conditions of probation than is provided for under § 640, relying on this Court's decision in *Coles v. State, supra.* In that case, Coles was convicted of the crime of making false statements in applications for public assistance benefits in violation of Code (1957, 1979 Repl. Vol., 1980 Cum.Supp.), Art. 88A, § 62(a), and was ordered to pay restitution as a condition of probation. Coles contended that, because § 640(b) authorized a court to order the payment of restitution only upon conviction for certain "crime(s)," and since under § 640(a)(2) "crime" was defined

as "an act committed by any person ... which would constitute a crime as defined in Article 27 ... or at common law," an award of restitution was improper with respect to his Art. 88A offense. This Court rejected that contention, holding that § 641A vested additional power in the trial court beyond that conferred by § 640, to suspend Coles's sentence and impose conditions of probation.

Our holding in *Coles,* however, does not support the State's position here. Section 641A, the basis for the decision in *Coles,* mirrors § 640(b) in that it grants a court the authority to order the payment of restitution only upon a "conviction." Unlike Walczak, the defendant in *Coles* was convicted of the offense for which he was ordered to make restitution. In the instant case the State nol prossed every count charging Walczak with the robbery of Martin. Since there was no conviction for that crime, the trial court was not authorized under § 640(b) to impose any order of restitution under the counts charging Walczak with the robbery of Martin.

While this is an issue of first impression in this Court, the Court of Special Appeals, in *Mason v. State,* 46 Md.App. 1, 415 A.2d 315 (1980), had occasion to consider the scope of a court's authority to order payment of restitution under §§ 640(b) and 641A. In that case Delores Marie Mason was charged with and convicted of the embezzlement of $3,949.61 from Mr. and Ms. Bennett. The Bennetts had contracted with Mason to sell their furniture, but received from her a check which was never honored. At trial a police officer who had investigated the case testified that he had spoken to "approximately 50 persons" who had apparently also placed goods with Mason on consignment and still had unpaid claims despite consignment sales. The court also heard testimony from a woman that "she had lost over $1,000 [to Mason] under circumstances very similar to those involved in the Bennett case." 46 Md.App. at 3, 415 A.2d 315. The circuit court sentenced Mason to three years imprisonment, suspended the sentence, and placed the defendant on probation on the condition that "restitution be

made ... in the full amount of $3,949.61 [and] additional payments of restitution to all of the valid claims in this matter." *Id.* at 4, 415 A.2d 315. The Court of Special Appeals, in an opinion by Judge Moylan, upheld the order to make restitution to the Bennetts in the amount of $3,949.61 but vacated the order to make restitution in excess of this amount. The appellate court concluded that

> "the clear sense of § 640(b) ... seems unmistakably to contemplate restitution for the crimes as to which incarceration might otherwise be imposed." *Id.* at 6, 415 A.2d 315.

This is the correct reading of § 640(b).

Cases in the federal courts interpreting the federal restitution statute, 18 U.S.C. § 3651, have reached the same conclusion as we do here. In *United States v. Orr,* 691 F.2d 431, 432–433 (9th Cir., 1982), the court discussed that statute as follows:

> "The authority for requiring restitution as a condition of probation is contained in 18 U.S.C. § 3651:
>
> '[The court may] place the defendant on probation for such period and upon such terms and conditions as the court deems best.
>
> \* \* \* \* \* \*
>
> While on probation and among the conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had ....'
>
> "In *Karrell v. United States,* 181 F.2d 981 (9th Cir. 1950), this court held that the specific limitation, 'actual damages ... caused by the offense for which conviction was had,' governs the general provision for 'such terms and conditions as the court deems best.' *Id.* at 987. This court held that restitution could be ordered only for amounts in counts upon which conviction was had and not for amounts set forth in dismissed counts, since a conviction for greater amount could not have been had. *Id.*

*See also United States v. Follette,* 32 F.Supp. 953 (E.D. Pa.1940), *cited with approval in Karrell,* 181 F.2d at 987.

"The *Karrell* construction of section 3651, limiting restitution to amounts for which the defendant was actually convicted, is the majority rule. *See United States v. Tiler,* 602 F.2d 30, 33 (2d Cir.1979); *United States v. Buechler,* 557 F.2d 1002, 1007 (3d Cir.1977); *United States v. Hoffman,* 415 F.2d 14, 22 (7th Cir.), *cert. denied,* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); *United States v. Taylor,* 305 F.2d 183, 187 (4th Cir.1962), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126, *United States v. Stoehr,* 196 F.2d 276, 284 (3d Cir.1952)." [3] *See United States v. Mo. Valley Const. Co.,* 741 F.2d 1542, 1547–1548 (8th Cir.1984); *United States v. Green,* 735 F.2d 1203, 1205 (9th Cir.1984); *United States v. Elkin,* 731 F.2d 1005, 1011–1013 (2d Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984); *United States v. Gering,* 716 F.2d 615, 623–625 (9th Cir.1983); *U.S. v. Clovis Retail Liquor Dealers Trade Ass'n.,* 540 F.2d 1389, 1390 (10th Cir.1976).

State courts in other jurisdictions interpreting similar restitution statutes have also reached the same conclusion. *See, e.g., State v. Reese,* 124 Ariz. 212, 603 P.2d 104 (Ariz. App.1979); *Robinson v. State,* 169 Ga.App. 763, 315 S.E.2d 277 (1984); *State v. Alleman,* 439 So.2d 418 (La.1983); *People v. Becker,* 349 Mich. 476, 84 N.W.2d 833 (1957); *State v. Bausch,* 83 N.J. 425, 416 A.2d 833 (1980); *People v. Funk,* 117 Misc. 778, 193 N.Y.S. 302 (1921); *State v. Caudle,* 276 N.C. 550, 173 S.E.2d 778 (1970); *State v. Stalheim,*

---

**3.** The court noted a narrow exception in cases in which a defendant has entered a plea agreement for restitution of greater amounts than those involved in the crime for which conviction was had. *See United States v. Davies,* 683 F.2d 1052, 1055 (7th Cir.1982); *United States v. Tiler,* 602 F.2d 30, 33–34 (2d Cir.1979); *United States v. Landay,* 513 F.2d 306, 308 (5th Cir.1975). *See also United States v. McLaughlin,* 512 F.Supp. 907, 908 (D.Md.1981). No such plea agreement was entered into in the case at bar.

275 Or. 683, 552 P.2d 829 (1976); *State v. Eilts*, 94 Wash.2d 489, 617 P.2d 993 (1980). *See also People v. Richards*, 17 Cal.3d 614, 131 Cal.Rptr. 537, 552 P.2d 97 (1976); *Crowder v. State*, 334 So.2d 819 (Fla.Dist.Ct.App.1976), *cert. denied*, 342 So.2d 1101 (Fla.1977); *People v. Mahle*, 57 Ill.2d 279, 312 N.E.2d 267 (1974). *Cf. People v. House*, 98 Ill.App.3d 304, 53 Ill.Dec. 777, 424 N.E.2d 412 (1981).[4]

In the case at bar we hold that the order of probation was illegal to the extent that it conditioned Walczak's probation on the payment of restitution in excess of the $8,325.00 to Esther Mary Gardner. Because we hold that the trial court exceeded its statutory authorization in sentencing Walczak to pay restitution to the victim of a crime of which he was not convicted, we need not address the issue of whether such an order would violate a defendant's right to due process. *See generally Mason v. State, supra*, 46 Md.App. at 7–9, 415 A.2d 315.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO MODIFY THE JUDGMENT OF THE CIRCUIT COURT FOR CECIL COUNTY IN AC-CORDANCE WITH THIS OPINION. CECIL COUNTY TO PAY COSTS.

---

**4.** A minority of jurisdictions which have addressed the issue have reached the opposite conclusion.

*See People v. Lent*, 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545 (1975); *People v. Miller*, 256 Cal.App.2d 348, 64 Cal.Rptr. 20 (1967); *Rose v. State*, 434 So.2d 1014 (Fla.Dist.Ct.App.1983), *cert denied*. 444 So.2d 418 (1984); *People v. Pettit*, 88 Mich.App. 203, 276 N.W.2d 878 (1979) (distinguishing *People v. Becker, supra* ); *Garski v. State*, 75 Wis.2d 62, 248 N.W.2d 425 (1977).

Some state courts have recognized the same exception as the federal courts have, *i.e.*, that an order to make restitution in amounts greater than the amounts involved in the crime of which a defendant has been convicted is permissible when done as part of a plea agreement. *See, e.g., Ex Parte Killough*, 434 So.2d 852 (Ala.), *cert. denied sub nom. Killough v. Alabama*, —— U.S. ——, 104 S.Ct. 525, 78 L.Ed.2d 708 (1983); *Dent v. State*, 432 So.2d 163 (Fla.Dist.Ct.App.1983); *In Interest of F.D.*, 89 Ill.App.3d 223, 44 Ill.Dec. 834, 411 N.E.2d 1200 (1980).