769 A.2d 259

**John Henry GRIFFIN, Jr.**

**v.**

**STATE of Maryland.**

**No. 1964, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

March 29, 2001.

Geraldine K. Sweeney, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Patricia Jessamy, State's Attorney for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before MOYLAN,* SALMON, and KRAUSER, JJ.

KRAUSER, Judge.

Appellant, John Henry Griffin, Jr., was convicted by a jury in the Circuit Court for Baltimore City of two counts of first degree assault and two counts of possession of a firearm by a felon. He was subsequently sentenced to a term of ten years' imprisonment on each of the assault counts and to a term of five years' imprisonment on each of the possession counts; all sentences were to run concurrently.

The only issue before us is whether the trial court erred in sentencing appellant on two counts of possession of a firearm based on a single instance of possession.[1]

---

* Moylan, J., participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption of this opinion as a retired, specially assigned member of this Court.

1. In imposing sentence on the possession counts, the trial court's remarks were ambiguous. It is not clear from the court's comments whether it was imposing a term of five years' imprisonment on one count of possession or a term of five years' imprisonment on two counts

## FACTS

After learning that appellant, a convicted felon,[2] had purchased a .22 caliber rifle in violation of Maryland Code Ann. (1957, 1996 Repl.Vol., 1998 Supp.), Article 27, § 291A, Detective William Ryan of the Baltimore County Police Department obtained an arrest warrant for appellant and a search and seizure warrant for his home in Baltimore City. The search warrant specifically permitted the police to make a "no knock" entry.

On September 28, 1998, a team of Baltimore City and Baltimore County police officers executed the warrant. Using a battering ram, Detective Christopher Cooper "breached the front door." Detective Cooper and Detective Michael Hennlein entered first, followed by other officers. Upon entering, they began yelling, "Police, Search Warrant." As they approached a closed bedroom door, they heard a noise that sounded like a rifle shot. As Detective Hennlein again yelled, "Police, Search Warrant," Detective Cooper kicked in the bedroom door. Detective Cooper stepped back and as Detective Hennlein started to enter the room, two shots were fired. In the bedroom, appellant was standing naked with a rifle pointed in the officers' direction. Ducking around a corner, the officers drew their weapons. They then entered the room and demanded that appellant put down his weapon, which he did.

Appellant testified at trial that he did not hear anyone say "police" until after he had fired two shots. He stated that his

---

of possession, to run concurrently with each other. The docket entries from that proceeding clearly indicate, however, that the court had imposed concurrent five-year sentences for possession of a firearm by a felon. Because we believe that the imposition of concurrent sentences for unlawful possession of a firearm was illegal, and because it would constitute an unnecessary and pointless delay to remand this case for clarification by the sentencing judge, we shall proceed on the assumption that the docket entries in question accurately reflect the court's sentence.

**2.** Appellant was previously convicted of possession with intent to distribute cocaine.

wife woke him when she heard people coming up the stairs. He grabbed the rifle and when he heard someone "messing with the doorknob," he fired two shots to "scare" them off. When he realized it was the police, he put down his weapon.

Appellant was subsequently charged in Criminal Information 598322034 with the attempted murder of Detective Michael Hennlein; first degree assault on Hennlein; and unlawful possession of a firearm by a felon, and in Criminal Information 598322035 with the attempted murder of Detective Christopher Cooper; first degree assault on Cooper; and unlawful possession of a firearm by a felon. These two cases were then consolidated for trial. After a jury trial in the Circuit Court for Baltimore City, appellant was found not guilty of both counts of attempted murder but guilty of both counts of assault and, more relevant to our analysis, both counts of possession of a firearm by a felon.

On September 10, 1999, after sentencing appellant on the convictions for assault, the trial court stated that "[f]or Count V of 598322035 and 598322034 the Possession of a firearm by a convicted felon, I am sentencing you to five years, the statutory maximum." Notwithstanding the ambiguity of this statement, the docket entry from that proceeding indicates that the court sentenced appellant to a term of five years' imprisonment on both counts of possession, to run concurrently.

## DISCUSSION

Before addressing the merits of appellant's claim, we are asked by the State to consider first whether it has been preserved for appellate review. Although, as noted by the State, appellant did not object at sentencing to the imposition of concurrent sentences for possession of a firearm by a felon [or to the submission of both counts of possession to the jury], this Court may review allegedly illegal sentences regardless of whether such an objection was ever made. *Jordan v. State*, 323 Md. 151, 591 A.2d 875 (1991); *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985).

As the Court of Appeals stated in *Jordan v. State:*

"[W]hen the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a) ... provides that '[t]he court may correct an illegal sentence at any time.' Thus, a defendant who fails to object to the imposition of the illegal sentence does not waive forever his right to challenge that sentence."

*Jordan,* 323 Md. at 161, 591 A.2d 875 (quoting *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985)).

■ Appellant was convicted of possession of a firearm by a felon under Maryland Code Ann. (1957, 1996 Repl.Vol., 1998 Supp.), Article 27, § 291A. That statute provides:

(a) *Definition.*—In this section "firearm" includes:

(1) Handgun, antique firearm, rifle, shotgun, short-barreled shotgun, and short-barreled rifle, as those are defined in § 36F of this article;

(2) Machine gun, as defined in § 372 of this article; and

(3) Regulated firearm, as defined in § 441 of this article.

(b) *Prohibited acts.*—a person may not possess, own, carry, or transport a firearm if the person has been convicted of:

(1) A felony under this subheading;

(2) An offense under the laws of the United States, another state, or the District of Columbia that would be a felony under this subheading if committed in this State; or

(3) Conspiracy or attempt to commit any of the offenses listed in paragraphs (1) and (2) of this subsection.

(c) *Penalty.*—A person who violates this section is guilty of a felony and shall, on conviction, be fined not more than $10,000 or imprisoned for not more than 5 years or both. (1991, ch. 613; 1997, ch. 14, § 1.)

In the context of other firearm statutes, multiple prosecutions or sentences for a single instance of possession have

been held violative of the prohibition against double jeopardy. *See Eldridge v. State*, 329 Md. 307, 314–15, 619 A.2d 531 (1993) (holding that a defendant could not be sentenced under Article 27, § 36(a) for carrying a concealed deadly weapon and, under Article 27, § 36B(b), for carrying the same weapon openly with intent to injure, when both offenses arose out of the same incident); *Webb v. State*, 311 Md. 610, 536 A.2d 1161 (1988) (holding that under Article 27, § 36B(b), a defendant could not be convicted twice for carrying the same handgun continuously over a three-hour period); *Manigault v. State*, 61 Md.App. 271, 278–79, 486 A.2d 240 (1985) (holding that under Article 27, § 36B, a defendant who assaulted two persons with the same handgun during the same incident could not be convicted of more than one count of unlawful possession of that firearm).

The rationale underlying these cases was limned by this Court in *Manigault:*

> With respect to the possession of a handgun . . . the unit of prosecution is the gun, not the victim. . . . A single assault committed with two guns could yield two possession convictions, but even multiple assaults with a single gun may yield only one possession conviction. (Citation omitted.)

*Manigault,* 61 Md.App. at 279, 486 A.2d 240.

That rationale is no less persuasive here. Indeed, we find no basis in logic or the law for drawing a distinction between unlawful possession of a firearm under Article 27, §§ 36(a) [3]

---

**3.** Section 36(a) prohibits the carrying of a dangerous weapon concealed or openly "with intent to injure." It provides in pertinent part:

> *In General.*—(1)  Every person who shall wear or carry any dirk knife, bowie knife, switchblade knife, star knife, sandclub, metal knuckles, razor, nunchaku, or any other dangerous or deadly weapon of any kind, whatsoever (penknives without switchblade and handguns, excepted) concealed upon or about his person, and every person who shall wear or carry any such weapon, chemical mace, pepper mace, or tear gas device openly with the intent or purpose of injuring any person in any unlawful manner, shall be guilty of a misdemeanor, and upon conviction, shall be fined not more than $1,000 or be imprisoned in jail, or sentenced to the Maryland Department of Correction for not more than three years.

Md.Code Ann. (1957, 1996 Repl.Vol.1998 Supp.), Art. 27, § 36(a)(1).

and 36B(b),[4] and unlawful possession of a firearm under Article 27, § 291A and thereby permitting under § 291A multiple prosecutions and sentences for the same act of possession of a firearm.

In the case *sub judice*, appellant was convicted of and sentenced on two counts of possession of a firearm by a felon for firing in quick succession two shots from the same weapon, a rifle, at Detectives Hennlein and Cooper. Appellant was therefore convicted and sentenced twice for the same act of possession.

As it is immaterial which of the two convictions for possession of a firearm by a felon should be reversed and its sentence vacated, we shall simply select for reversal the second of appellant's two convictions for possession of a firearm by a felon, Criminal Information 598322035.

**JUDGMENT OF CONVICTION IN CRIMINAL INFORMATION NO. 598322035 REVERSED; ALL OTHER JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID ONE-HALF BY APPELLANT AND ONE-HALF BY MAYOR & CITY COUNCIL OF BALTIMORE.**

---

4. Section 36B(b) provides:
   *Unlawful wearing, carrying, or transporting of handgun; penalties.*— Any person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open, in any vehicle traveling upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public in this State shall be guilty of a misdemeanor; and it shall be a rebuttable presumption that the person is knowingly transporting the handgun; and on conviction of the misdemeanor shall be fined or imprisoned [according to this section].