507 A.2d 200

**King CORCORAN**

v.

**STATE of Maryland.**

**No. 991, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 9, 1986.

Certiorari Denied July 24, 1986.

Gregg L. Bernstein (M. Albert Figinski, on brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City and Deborah K. Hines, Asst. State's Atty., for Baltimore City, on brief), Baltimore, for appellee.

Argued before MOYLAN, ROSALYN B. BELL and ROBERT M. BELL, JJ.

MOYLAN, Judge.

The appellant, King Corcoran, was originally found guilty in the Circuit Court for Baltimore City of two criminal violations involving the home improvement law. Judge Carl W. Bacharach struck the finding of guilt under the provisions of Art. 27, § 641 and placed the appellant on supervised probation for a period of one year. The appellant was ordered to pay restitution in the amount of $2,000 within 60 days and also to pay court costs. On August 9, 1985, the appellant was found guilty of having violated the terms of his probation by Judge Robert I.H. Hammerman. Judge

Hammerman struck the probation before judgment and ordered the appellant to serve a term of three months imprisonment.  Upon this appeal, the appellant raises two contentions:

1) That Md.Rule 4–346 was violated when the probation revocation hearing was held before a judge different from the one who had imposed the original sentence; and

2) That Judge Hammerman abused his discretion in revoking the probation because the appellant's failure to pay restitution was not willful.

■ The short answer to the appellant's first contention is that it is an afterthought.  When the revocation hearing was convened by Judge Hammerman and through the entire course of that hearing, the appellant made no remote objection to the fact that it was Judge Hammerman and not Judge Bacharach upon the bench.  Nothing has been preserved for appellate review.

Few principles are more basic to appellate review than that the reviewing court "will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court." Md.Rule 1085.  In *Medley v. State,* 52 Md.App. 225, 230–231, 448 A.2d 363 (1982), Judge Wilner thoroughly discussed the long history and enduring value of this procedural requirement of contemporary objection.  He concluded, at 52 Md.App. 231, 448 A.2d 363:

"It is a matter of basic fairness to the trial court and to opposing counsel, as well as being fundamental to the proper administration of justice;  and one need only look at the extensive annotations to Maryland Rules 885 and 1085 to see that it is rigorously enforced.  Even errors of Constitutional dimension may be waived by failure to interpose a timely objection at trial."

The appellant claims that he is exempted from the otherwise foreclosing effect of Maryland Rule 1085 by *Walczak*

*v. State,* 302 Md. 422, 488 A.2d 949 (1985). He reads *Walczak* far too broadly.

In holding that an illegal sentence may be reviewed on appeal even if not objected to below, the Court of Appeals was very careful to limit the exemption to a situation where the sentence was illegal in itself, a sentence "not permitted by law." 302 Md. at 427, 488 A.2d 949. The *Walczak* opinion was not dealing with alleged procedural flaws in the sentencing hearing itself. Both the literal holding of *Walczak* and the reasoning behind it were well spelled out by Judge Eldridge, at 302 Md. 427, 488 A.2d 949:

> "We hold that when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774 a, provides that '[t]he court may correct an illegal sentence at any time.' Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence.... Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interests of expedition and judicial economy support review of the sentence on direct appeal." (Citation omitted).

The appellant's contention in this regard is not only bereft of support in the case law, it is bereft of logic as well. The notion of an "illegal sentence" within the contemplation of the *Walczak* decision deals with substantive law, not procedural law. It has obvious reference to a sentence which is beyond the statutorily granted power of the judge to impose. It does not remotely suggest that a sentence, proper on its face, becomes an "illegal sentence" because of some arguable procedural flaw in the sentencing procedure. For the appellant to prevail on his line of reasoning would create an absurdity. A sentencing procedure (and, by analogy, a probation revocation hearing) is more informal in

nature than a trial upon the merits. It is before a judge and not a jury. The more rigid rules of evidence are generally not applicable. It would create a ridiculous anamoly to hold that challenges to errors in the more tightly scrutinized trial itself may be forfeited through failure to object, whereas challenges to errors in the looser and more informal proceeding are always preserved even absent objection. *Walczak* did not remotely suggest such a bizarre and incongruous result.

■ The appellant's claim that Judge Hammerman abused his discretion in revoking the probation is also without merit. The appellant admitted that he had not complied with the restitution order. He claimed that, through financial circumstances beyond his control, he was unable to make the payments. Judge Hammerman, within his fact-finding prerogative, did not believe him. Since the $2,000 in restitution was to have been paid by December 31, 1984, the freezing of the appellant's assets later in the winter was immaterial to the violation. Judge Hammerman found, moreover, that the appellant's separation from his wife did not reach a critical stage until February, 1985, several months after the due date of the restitution. It was further developed that the appellant was still living with his wife in their house in Potomac, Maryland, the house being worth between $300,000 and $350,000. The appellant's probation officer reported that the appellant had never complained of financial difficulties. The probation officer, moreover, received a photocopy of a check from the appellant indicating that full payment had been made to the victims, notwithstanding the fact that the restitution was never sent to the victims.

Under the circumstances, we cannot say that Judge Hammerman was clearly erroneous in his fact finding that the appellant was guilty of a willful violation. Based upon that fact finding, the disposition of the case did not represent an abuse of discretion.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.