875 A.2d 231

**Ralph Edward WILKINS**

v.

**STATE of Maryland.**

**No. 938 Sept. Term, 2004.**

Court of Special Appeals of Maryland.

June 3, 2005.

Renee M. Hutchins, Sajeed Popat (Michael Millemann on the brief), Baltimore, for appellant.

Mary Ann Ince (J. Jodeph Curran, Jr., Attorney General on the brief), Baltimore, for appellee.

Argued before EYLER, JAMES R., ADKINS, BARBERA, JJ.

JAMES R. EYLER, Judge.

In 1971, Ralph Edward Wilkins, appellant, was tried by a jury in the Circuit Court for Prince George's County and convicted of first-degree murder. Subsequently, appellant was sentenced to life imprisonment. Appellant has since raised numerous challenges to his conviction and sentence.

On this appeal, appellant challenges the 2004 denial of a motion to correct an illegal sentence. In support of this contention, appellant argues that the trial court erroneously believed that it could not suspend all or any part of his life sentence; thus, the sentence is illegal and should be corrected under Maryland Rule 4–345. We agree with appellant; thus, we must vacate appellant's sentence and remand for a new sentencing hearing.

### Procedural History

On December 8, 1971, appellant was convicted by a jury of first-degree murder without capital punishment. On January 24, 1972, appellant was sentenced to life imprisonment. He appealed to this Court, *Wilkins v. State,* 16 Md.App. 587, 300 A.2d 411 (1973), *aff'd, Wilkins v. State,* 270 Md. 62, 310 A.2d 39 (1973), *cert. denied, Wilkins v. Maryland,* 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889 (1974), and his judgment was affirmed.

On June 16, 2003, appellant filed a petition for post-conviction relief in the Circuit Court for Prince George's County,

arguing that the trial court abused its discretion by failing to acknowledge its authority to suspend all or part of the life sentence it had imposed. On January 6, 2004, after hearing arguments on appellant's petition, the court ruled that there was no merit to appellant's claim that the trial court abused its discretion at sentencing. The court did, however, grant in part appellant's petition, allowing appellant to file a belated motion for modification of sentence within 90 days.

On February 9, 2004, appellant filed a notice of appeal to this Court, based on the court's January 6, 2004 ruling. This Court dismissed appellant's appeal as untimely, the mandate issuing on June 8, 2004.

On March 15, 2004, pursuant to the court's partial grant of post-conviction relief, appellant, acting *pro se*, filed a motion for modification of sentence.[1] On April 28, 2004, appellant moved that the motion for modification be held in abeyance, and on May 6, 2004, appellant filed a motion to correct an illegal sentence, which was denied on May 19, 2004.

On June 9, 2004, appellant filed a notice of appeal to this Court, based on the denial of his motion to correct an illegal sentence. On September 13, 2004, this Court dismissed appellant's appeal as untimely, pursuant to Maryland Rule 8–502.[2] Subsequently, appellant filed a motion for reconsideration,[3] and on December 29, 2004, this Court reinstated the instant appeal.

### Factual Background

The sentencing statute applicable to first-degree murder at the time of appellant's sentencing in 1972, Md.Code (1957,

---

1. Appellant also filed a request for waiver of costs incident to appeal, which was denied on April 6, 2004.

2. Appellant's briefs were due on August 23, 2004, and were not received by the Court by that date.

3. The motion for reconsideration was accompanied by a motion for extension of filing time and a motion requesting the court to make copies, pursuant to Maryland Rule 8–505.

1971 Repl.Vol.), Art. 27 § 413,[4] provided:

**Penalty for first degree murder; verdict adding "without capital punishment."**

Every person convicted of murder in the first degree, his or her aiders, abettors and counsellors, shall suffer death, or undergo a confinement in the penitentiary of the State for the period of their natural life, in the discretion of the court before whom such person may be tried; provided, however, that the jury in a murder case who render a verdict of murder in the first degree, may add thereto the words 'without capital punishment,' in which case the sentence of the court shall be imprisonment for life, and in no case where a jury shall have rendered a verdict in manner and form as hereinbefore prescribed, 'without capital punishment,' shall the court in imposing the sentence, sentence the convicted party to pay the death penalty.

During the sentencing hearing, appellant's counsel[5] argued that, "under the provisions of Article 27 Section 641(a) [sic][6] and 643[7] this court has the discretion, if it sees fit to exercise that discretion, to give a sentence less than that called for of life imprisonment with a conviction of first degree murder." In support of this premise, appellant's counsel argued that there were several mitigating factors that would warrant a sentence of less than life imprisonment. Appellant's counsel noted that, according to the "Parole and Probation Report,[8]"

---

4. Effective October 1, 2002, section 413 was repealed and re-enacted without substantive change as Md.Code (1957, 2002 Repl.Vol.), §§ 2–202 and 2–303–2–304 of the Criminal Law Article.

5. Appellant's counsel at the 1972 hearing is not the same counsel on this appeal.

6. The correct cite is to section 641 A. Effective October 1, 2001, section 641 A was repealed and re-enacted without substantive change as Md.Code (1957, 2001 Repl.Vol.), §§ 6–221–6–222(a) of the Criminal Procedure Article.

7. Effective October 1, 2002, section 643 was repealed and re-enacted without substantive change as Md.Code (1957, 2002 Repl.Vol.), § 14–102 of the Criminal Law Article.

8. The parole and probation report is alternately referred to as the pre-sentence investigation report.

which the court indicated that it had reviewed, appellant (1) had turned himself in to the authorities when he became aware that the police were looking for him; (2) served as a "tier representative at the County Jail"; (3) had on occasion been "a calming influence at the jail as a tier counsellor"; (4) was "not likely to be assaultive under strong pressure or stress"; (5) had just turned twenty years old at the time of the offense and had endured an abusive childhood and troubled upbringing.[9]

Following appellant's proffer of mitigating factors, the following colloquy, pertinent to this appeal, ensued.

THE COURT: Let's stop right and go back to one reference that you made, [appellant's counsel].

APPELLANT'S COUNSEL: Yes, sir.

THE COURT: You said that the Court could do anything it wanted to under Article 27, Section 643, where I could give him a penalty less than the statutory amount. Section 643 happens to read this way:

"In all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the judge of the Criminal Court of Baltimore and the several judges of the circuit courts of the counties may, in lieu of the minimum penalty so prescribed, impose a less penalty of the same character; provided, however, that nothing herein contained shall be construed as affecting any maximum penalty fixed by law, or the punishment for any crime where the law provides one and only one penalty."

APPELLANT'S COUNSEL: Yes, sir.

THE COURT: Now, I would think that where you have got a conviction of first degree murder, the mere fact that it has life or death there does not take it away from the fact that it only has that penalty. And I wouldn't think that we would

---

9. There is nothing in the record before us to indicate the age or background of appellant. Appellant's brief indicates that this information was included in the pre-sentence investigation report.

have a right under a penalty that says you either give them death or life. If the jury says without capital punishment, then the only penalty that can be imposed is life. But it has always been my impression—and I will touch on that point later, but *I just want to say that this is my impression— that the sentence in this case being first degree murder, and being found guilty of first degree murder without capital punishment, that there is only one penalty provided under the statute as a result of the verdict of the jury, and that is that it be life.*

APPELLANT'S COUNSEL: Your Honor, we have read that section several times, as the Court has. However, we literally view a penal statute as strictly construed, we literally view the language where it says, "the punishment for any crime where the law provides one and only one penalty."

The law for the crime of first degree murder provides two penalties, life or death. It is for that reason that we feel that the statute would be applicable.

\* \* \*

THE COURT: Can you cite me any case in Maryland where a man has been either convicted of or pleaded guilty to first degree murder where he ever got anything less than life?

APPELLANT'S COUNSEL: No, I cannot.

\* \* \*

THE COURT: *I think I am right on it* but I will also protect myself on it later.

\* \* \*

THE COURT: Except that if I disagree with your argument technically, I like to put that in the record because *I do still do disagree with that. And I think that the proper interpretation of that is once the jury has come up with first degree murder without capital punishment that there is only one penalty the Court can give.*

\* \* \*

THE COURT: Now, [appellant's counsel]—

APPELLANT'S COUNSEL: Yes, sir.

THE COURT:—assuming you are right and *assuming the Court is wrong in your contention that the Court can give a lesser sentence than life,* do you have any further remarks in behalf of the defendant that you wish to make before we hear from the defendant himself?

APPELLANT'S COUNSEL: No, sir.

(Emphasis added.)

Although not referred to by the court, as noted above, appellant's counsel also cited Md.Code (1957, 1971 Repl.Vol.), Art. 27 § 641 A to support his argument that the court had discretion to suspend any or all of appellant's sentence. Section 641 A provided in pertinent part:

Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. *The court may impose a sentence for a specified period and provide that a lesser period be served in confinement,* suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

(Emphasis added.)

Ultimately, the court concluded:

I would agree that this may well have been a proper case for the death penalty. On the other hand, this was a question of fact for the jury to decide. They decided that you were guilty of murder in the first degree but they recommended—and it is mandatory on the court—that it be without capital punishment, and thus it will be.

Now, *even though your counsel has argued that the court could give something else than life imprisonment, we don't agree with this.* On the other hand, let the record clearly show *we will assume that we do have a right to give something less than the death penalty,* but in this case we see no reason in the world why there should be anything other than the life imprisonment in this case because it is just not warranted under the facts of what happened. It

was purely and clearly premeditated first degree murder any way you look at it.

(Emphasis added.)

In 1978, appellant was transferred to the Patuxent Institution in preparation for his eventual parole, which was granted in 1982. In 1984, appellant was charged with vandalism and was released on bail pending trial. While awaiting trial, appellant fled the jurisdiction of Maryland and went to Atlanta, Georgia. After failing to appear in court on the vandalism charge, an interstate detainer and a parole revocation warrant were issued.

Appellant spent the next sixteen years in Georgia living under an assumed name, "Richard T. Edmonston." In 2001, however, acting pursuant to a tip from a confidential source, appellant was arrested in Georgia on the 1984 interstate detainer. Appellant was extradited to Maryland and returned to the Patuxent Institution on February 17, 2001. Following a parole revocation hearing, appellant's parole was revoked, and appellant was transferred to the Department of Corrections to serve the life sentence originally imposed.

### Discussion

At the outset, we note that "[a] sentencing judge has wide discretion in achieving the principal objectives of sentencing—punishment, deterrence, and rehabilitation." *Medley v. State*, 386 Md. 3, 6, 870 A.2d 1218 (2005) (citations omitted). Because of this wide discretion, "[i]n reviewing [a] sentencing judge's actions, we are mindful that, absent a misstatement of the law or conduct inconsistent with the law," *id.* at 7, 870 A.2d 1218, the general presumption is that "trial judges know the law and apply it properly." *State v. Chaney*, 375 Md. 168, 181, 825 A.2d 452, 459 (2003); *see also John O. v. Jane O.*, 90 Md.App. 406, 429, 601 A.2d 149 (1992) (holding that, "[u]nless it is clear" in the record that a trial judge does not know the law, the presumption remains that the judge knows and applies the law correctly) (*citing Lapides v. Lapides*, 50 Md.App. 248, 252, 437 A.2d 251 (1981)). In the present case, appellant urges us to conclude that the trial court in fact did

not know the law and, therefore, erred in failing to exercise discretion, thereby rendering appellant's sentence illegal. A review of the relevant authority and the facts before us leads us to conclude that the trial court was unaware of its wide discretion to suspend any or all of appellant's life sentence, thus rendering his sentence illegal.

In *State v. Wooten*, 277 Md. 114, 352 A.2d 829 (1976), a case decided four years after sentencing in the present case, but pursuant to the same statutory authority, the sentencing court sentenced the appellant to "life imprisonment, which it characterized as " 'the mandatory sentence,' " [and] it suspended the serving of all but the first eight years." *Id.* at 114, 352 A.2d 829. The State objected and filed a motion to correct an illegal sentence, arguing that the court was without authority to suspend any portion of the sentence. The motion was denied, and the State appealed. The Court of Appeals affirmed, stating that, "in clear, unambiguous and unqualified language, [§ 641A] bestows upon courts the power to suspend completely or partially any and all sentences over which they have jurisdiction," including a "mandatory" life sentence. *Id.* at 117, 352 A.2d 829. Ultimately, the Court held that "nothing in the language of [Art. 27] § 641 A ... prevent[s] trial judges, in their discretion, from suspending life sentences imposed under [Art. 27] § 413."

In *Williamson v. State*, 284 Md. 212, 395 A.2d 496 (1979), the Court of Appeals granted certiorari to address whether the sentencing judge had refused to follow the Court's decision in *Wooten*. In that case, the following transpired.

THE COURT: As far as the murder conviction is concerned, there's no choice. She gets life.

APPELLANT: No, Your Honor. There is a choice. You can suspend part of it. I brought the *Wooten* case with me.

THE COURT: I understand that, and I completely disagree with ... the Court of Appeals.... So as far as I am concerned, the sentence on the murder charge is life....

*Id.* at 213–14, 395 A.2d 496.

The Court reversed, observing that, "[b]y precluding any consideration of suspending any part of the life sentence, the

trial judge denied appellant's right to a proper exercise of the discretion vested in him." *Id.* at 214, 395 A.2d 496.

In *State v. Chaney*, 375 Md. 168, 825 A.2d 452 (2003), also decided under the same statutes as the present case, the defendant, pro se, filed a motion for appropriate relief, which the circuit court interpreted as a petition for post conviction relief, and this Court interpreted as a motion to correct illegal sentence, averring that the sentence imposed was illegal because the sentencing judge did not consider the suspension of all or some part of his life sentence. At sentencing, the court stated:

> Well, gentlemen, there is only one punishment in this State for the crime of which this man has been convicted. The law provides a single penalty and no other penalty and so the sentence in the discretion of the Court in this case is limited to the imposition of that penalty.

*Id.* at 175, 825 A.2d 452.

Chaney argued that this statement indicated that the court was under the impression that it had no discretion to suspend all or any portion of the life sentence because the court failed to mention the possibility of suspension of the sentence.

The motion was denied, and on appeal, this Court reversed the decision of the circuit court and remanded for a new sentencing hearing, holding that the court rendered an illegal sentence because it impermissibly did not consider a suspended sentence as being within its judicial discretion. In reversing this Court's decision, the Court of Appeals noted that "[t]he presumption that trial judges know the law and apply it properly is of long standing ... [and the appellant] fails to provide us with any evidence sufficient to rebut this presumption." *Id.* at 181, 184, 825 A.2d 452. The Court continued, "[t]here is nothing in the record to negate the presumption that the sentencing judge knew and properly applied the law. He did not misstate the law." *Id.* at 184, 825 A.2d 452.

In the case *sub judice*, based on the comments of the sentencing court on the record, as outlined above, in particular its disagreement with the reliance by appellant's counsel on

sections 641A and 643, we conclude, unlike in *Chaney,* that the trial court was unaware of its discretion to suspend any or all of appellant's life sentence and misstated the law. Even though the court attempted to protect itself by assuming it had authority to do other than what it did, it is clear that the court in fact believed it had no discretion to suspend a portion of the sentence. Therefore, there is sufficient evidence to rebut the general presumption. We note that appellant was sentenced before *Wooten* clarified the statutory meaning of 641A.

■ We are, however, left with a question that has not been expressly addressed before: whether this failure to perceive a right to exercise discretion and to exercise it renders a sentence "illegal" within the meaning of Maryland Rule 4–345(a), which provides that "[t]he court may correct an illegal sentence at any time."

It is frequently stated that there are only three grounds for appellate review of sentences. They are when (1) the sentence violates constitutional standards, (2) the sentencing judge was motivated by ill-will, prejudice, or impermissible considerations, or (3) the sentence exceeds statutory limits. *Jackson v. State,* 364 Md. 192, 200, 772 A.2d 273 (2001). An illegal sentence within the meaning of Rule 4–345, a collateral attack, is not coextensive with the concept of error in sentencing when reviewed on direct appeal. For example, in *Randall Book Corp. v. State,* 316 Md. 315, 558 A.2d 715 (1989), the movant's allegation on appeal that the sentence violated double jeopardy principles alleged an illegality, but the allegation of impermissible considerations in sentencing did not constitute an illegality. 316 Md. at 322–323, 558 A.2d 715.

■ Generally, in cases decided in the procedural context of a motion to correct illegal sentence, the courts assume the procedural device was appropriate and do not expressly discuss the issue. Our review of several Maryland and federal [10]

---

**10.** Federal Rule of Criminal Procedure 35 is similar to the Maryland Rule.

decisions has failed to produce a clear and consistent definition of illegality in the context in question. What is clear is that the alleged illegality must be in the sentence itself or the circumstances are such that the sentence should never have been imposed. *Jones v. State*, 384 Md. 669, 678, 866 A.2d 151 (2005); *Evans v. State*, 382 Md. 248, 278–279, 855 A.2d 291 (2004).

■■■ We have little difficulty in concluding that if a penalty imposed at sentencing exceeds the maximum statutory authority of the sentencing court, it is "illegal." In the case before us, the sentence did not exceed the statutory maximum.

■■■ We note that, when a "trial court has discretion to act, it must exercise that discretion." *McCracken v. State*, 150 Md.App. 330, 364, 820 A.2d 593 (2003) (citations omitted). When a court must exercise discretion, failure to do so is usually reversible error. *Maus v. State*, 311 Md. 85, 108, 532 A.2d 1066 (1987). The question is whether, in this context, a court's failure to recognize its legal authority to exercise discretion makes the resultant sentence "illegal."

In *Wooten*, the circuit court suspended a portion of the life sentence, and the State appealed from the denial of its motion to correct illegal sentence. The State's position was that the court did not have authority to suspend the sentence and, thus, imposed a sentence beyond its statutory authority. The Court of Appeals did not expressly discuss the propriety of the procedural tool, but it implicitly assumed it was appropriate because it decided the issue on its merits. In *Williamson*, the issue was decided as a preserved issue on direct appeal and, thus, is not on point. In *Chaney*, the movant, *pro se*, filed a motion for appropriate relief, which this Court treated as a motion to correct illegal sentence. It is not clear on what procedural basis the Court of Appeals decided the issue before it, but it did not expressly discuss the question of illegality within the meaning of Rule 4–345.

In *Wooten*, if the procedural issue had been addressed, it would not be squarely on point. In *Wooten*, the sentence was not in excess of the statutory maximum, but according to the

State, the suspension was not permitted by the statute and thus was beyond the court's authority. In the case before us, the sentence was not in excess of the maximum penalty permitted by statute. Similar to the State's contention in *Wooten,* however, it was not in accordance with the statute because the court did not recognize its legal authority to exercise discretion.

Relying on *Wooten, supra,* in part, and being mindful that often there may be no other procedural vehicle to bring the underlying issue to this point, we conclude that the court's failure to recognize its right to consider suspending a portion of the sentence renders the sentence illegal.

**SENTENCE VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR RE-SENTENCING. COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**