900 A.2d 765

**STATE of Maryland**

v.

**Ralph Edward WILKINS.**

**No. 65, Sept. Term, 2005.**

Court of Appeals of Maryland.

June 9, 2006.

270

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for petitioner.

Renee M. Hutchins (Michael Millemann, University of Maryland School of law, Baltimore, on brief), for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

Ralph Edward Wilkins was tried before a jury in the Circuit Court for Prince George's County on December 6 through 8, 1971, and convicted of murder in the first degree. On January 24, 1972, he was sentenced to life imprisonment. On direct appeal to the Court of Special Appeals, that court affirmed the judgment and sentence. *Wilkins v. State*, 16 Md.App. 587, 300 A.2d 411 (1973), *aff'd*, 270 Md. 62, 310 A.2d 39 (1973), *cert. denied*, *Wilkins v. Maryland*, 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889 (1974).

On June 16, 2003, more than thirty years after his direct appeal of the judgment and sentence entered against him, Wilkins filed a petition for post conviction relief in the Circuit Court for Prince George's County. He contended that the sentencing judge abused his discretion by failing to recognize his authority to suspend any part of the life sentence imposed. On January 6, 2004, the court determined that there was no merit to Wilkins's claim that the sentencing judge abused his discretion. Nonetheless, the court granted partial post conviction relief by allowing Wilkins to file a belated motion for modification of sentence within 90 days.[1]

On February 9, 2004, Wilkins filed a notice of appeal to the Court of Special Appeals based on the Circuit Court's ruling

---

1. Pursuant to the Circuit Court's directive, on March 15, 2004, Wilkins filed a motion for modification of sentence. On April 28, 2004, Wilkins requested that the Circuit Court hold his motion for modification in abeyance. Thereafter, on May 6, 2004, Wilkins filed a motion to correct an illegal sentence. The Circuit Court denied that motion on May 19, 2004.

which denied in part his petition for post conviction relief. The intermediate appellate court dismissed the appeal as untimely. Its mandate issued on June 8, 2004. Subsequently, on June 9, 2004, Wilkins filed a second notice of appeal to the Court of Special Appeals. Wilkins based this appeal on the Circuit Court's ruling dated May 19, 2004, which denied his motion to correct an illegal sentence. Again, the intermediate appellate court dismissed Wilkins's appeal as untimely.[2] Although Wilkins's appeal was dismissed as untimely, the court reconsidered pursuant to Md. Rule 8–502 [3] and reinstated the appeal.

The intermediate appellate court held that the sentencing court's "failure to recognize its right to consider suspending a portion of . . . [a life] sentence renders the sentence illegal." *Wilkins v. State*, 162 Md.App. 512, 525, 875 A.2d 231, 239 (2005). We granted certiorari to review the decision of the Court of Special Appeals in vacating Wilkins's sentence, as an illegal sentence, and remanding the case to the trial court for re-sentencing. *State v. Wilkins*, 389 Md. 124, 883 A.2d 914 (2005). In our review of the judgment of the intermediate appellate court, we focus primarily on the May 19, 2004, ruling of the Circuit Court denying Wilkins's motion to correct an illegal sentence and the intermediate appellate court's reversal of that ruling. We need not reach the merits of Wilkins's claim that the sentencing judge failed to exercise discretion. We hold that a sentencing judge's failure to recognize his or her right to exercise discretion in the imposition of a sentence does not render the sentence illegal within the meaning of Md. Rule 4–345(a).[4]

---

2. Wilkins's briefs were due in the Court of Special Appeals on August 23, 2004, but were not filed in court by that date.

3. **Rule 8–502. Filing of briefs.**

(a) **Duty to file; time.** Unless otherwise ordered by the appellate court:

(1) Appellant's brief. Within 40 days after the filing of the record, an appellant other than a cross-appellant shall file a brief conforming to the requirements of Rule 8–503.

4. **Rule 4–345, Sentencing—Reversing power of court**

### Discussion

The court may correct an illegal sentence at any time. Rule 4–345(a). The denial of a motion to correct an illegal sentence is appealable. *State v. Kanaras,* 357 Md. 170, 177, 742 A.2d 508, 512 (1999). An illegal sentence is a sentence "not permitted by law." *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985). In *Holmes v. State,* 362 Md. 190, 195–96, 763 A.2d 737, 740 (2000) this Court stated that "[a] sentence that is not permitted by statute is an illegal sentence." (Citations omitted.) Judge Moylan expounded on the concept of an illegal sentence in *Corcoran v. State,* 67 Md.App. 252, 507 A.2d 200 *cert. denied,* 307 Md. 83, 512 A.2d 377, *cert. denied,* 479 U.S. 932, 107 S.Ct. 404, 93 L.Ed.2d 357 (1986). He said:

> The notion of an "illegal sentence" within the contemplation of the Walczak decision deals with substantive law, not procedural law. It has obvious reference to a sentence which is beyond the statutorily granted power of the judge to impose. It does not remotely suggest that a sentence, proper on its face, becomes an "illegal sentence" because of some arguable procedural flaw in the sentencing procedure.

*Corcoran,* 67 Md.App. at 255, 507 A.2d at 202. See also *Burch v. State,* 346 Md. 253, 289, 696 A.2d 443, cert. denied, 522 U.S. 1001, 118 S.Ct. 571, 139 L.Ed.2d 410 (1997) ("Not every procedural irregularity, even in a capital sentencing proceeding, results in 'a sentence not permitted by law.' "). In other words, a motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the imposition of judgment and sentence in a criminal case.

Recently in *Evans v. State,* 382 Md. 248, 855 A.2d 291 (2004), this Court noted that a motion to correct an illegal sentence can be granted only where there is some illegality in

---

**(a) Illegal Sentence.** The court may correct an illegal sentence at any time.

the sentence itself or where no sentence should have been imposed. We summarized the relevant case law:

> The State correctly argues that, as a general rule, a Rule 4–345(a) motion to correct an illegal sentence is not appropriate where the alleged illegality "did not inhere in [the defendant's] sentence." *State v. Kanaras, supra*, 357 Md. at 185, 742 A.2d at 517. A motion to correct an illegal sentence ordinarily can be granted only where there is some illegality in the sentence itself or where no sentence should have been imposed. See, e.g., *Ridgeway v. State*, 369 Md. 165, 171, 797 A.2d 1287, 1290 (2002); *Holmes v. State*, 362 Md. 190, 763 A.2d 737 (2000); *Moosavi v. State*, 355 Md. 651, 662–663, 736 A.2d 285, 291 (1999). On the other hand, a trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4–435(a) where the resulting sentence or sanction is itself lawful. *Randall Book Corp. v. State*, 316 Md. 315, 323, 558 A.2d 715, 719 (1989) ("[W]hile improper motivation may justify vacation of the sentence, it does not render the sentence illegal within the meaning of Rule 4–435(a). Appellant did not raise this contention on direct appeal and may not do so here"). See also *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417, 422 (1962).

*Evans*, 382 Md. at 278–79, 855 A.2d at 309; *see Baker v. State*, 389 Md. 127, 133–137, 883 A.2d 916, 919–922 (2005) (recognizing in a capital sentencing that an error premised on a novel constitutional question decided after imposition of a capital sentence may be raised in a motion to correct an illegal sentence); *Oken v. State*, 378 Md. 179, 184–85, 835 A.2d 1105, 1108(2003), *cert. denied*, 541 U.S. 1017, 124 S.Ct. 2084, 158 L.Ed.2d 632 (2004) (alleging a constitutional error in the capital sentencing proceeding contributed to the death sentence was a proper ground to raise in a motion to correct an illegal sentence); *Jones v. State*, 384 Md. 669, 686, 866 A.2d 151, 161 (2005) (holding that a sentence is illegal if based upon a verdict of guilty in a jury trial that was not orally announced in court).

■ An error committed by the trial court during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sentence or sanction is itself lawful. *Randall Book Corp. v. State,* 316 Md. 315, 323, 558 A.2d 715, 719 (1989). In *Hill v. U.S.,* 368 U.S. 424, 430, 82 S.Ct. 468, *supra,* the trial judge did not permit the defendant to make a statement in his own behalf in violation of the federal rules of criminal procedure (Rule 35). In explaining that the sentence imposed was not illegal by definition, the Supreme Court pointed out that the sentencing judge's error, committed during sentencing, was not of the type that would permit a collateral attack. *Id.* Thus, the sentence was not illegal. "The punishment meted out was not in excess of that prescribed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any respect." *Id.* (footnote omitted).

■ In the present case, Wilkins contends that because the sentencing judge did not recognize his authority to suspend a life sentence, the court effectively converted Wilkins's sentence into an illegal "mandatory" life sentence. Conversely, the State asserts that the life sentence imposed was within statutory limits and did not violate any statutory or constitutional requirement. Moreover, the State asserts that the sentence imposed does not fall into any of the categories ordinarily recognized as grounds for appellate review of sentences. The State points to our decision in *Gary v. State,* 341 Md. 513, 516, 671 A.2d 495, 496 (1996),[5] where we explained that

only three grounds for appellate review of sentences are recognized in this state: (1) whether the sentences consti-

---

5. In *Gary,* the petitioner contended that his sentence of life imprisonment for conspiracy to commit first degree murder was illegal because it exceeded the statutory limitations imposed by the legislature. *Id.* at 517, 671 A.2d 495, 496. We found no merit in that contention because the sentence imposed was the lowest of the statutory penalties for first degree murder. Therefore, because the sentence imposed did not violate the maximum statutory penalty for conspiracy to murder, it was not illegal. *Id.* at 517–18, 671 A.2d at 497.

tutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill-will, prejudice or other impermissible considerations; and (3) whether the sentence was within statutory limits.

Therefore, according to the State, "in light of the controlling authority of this Court," the intermediate appellate court's determination "that Wilkins's sentence was rendered illegal by the sentencing court's failure, after expressly being referred to [Art. 27,] Section 641 A [6], to explicitly refer to its discretion to suspend all or a portion of the sentence imposed on Wilkins is erroneous" and warrants reversal.

We note at the outset that the allegation of error, in the present case, does not inhere in the sentence itself. The imposition of a life sentence for first-degree murder is a sentence permitted by law. At the time of Wilkins's sentencing in 1972, Md.Code (1957, 1971 Repl.Vol.), Article 27 § 413,[7] provided:

**Penalty for first degree murder; verdict adding "without Capital punishment."**

Every person convicted of murder in the first degree, his or her aiders, abettors and counselors, shall suffer death, or undergo a confinement in the penitentiary of the State for the period of their natural life, in the discretion of the court before whom such person may be tried; provided, however,

---

6. Effective October 1, 2001, § 641 A was repealed and re-enacted without substantive change as Md.Code (1957, 2001 Repl. Vol), §§ 6–221 thru 6–222(a) of the Criminal Procedure Article. It reads, in pertinent part:

Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

7. Effective October 1, 2002, section 413 was repealed and reenacted without substantive change as Md.Code (1957, 2002 Repl.Vol.), §§ 2–202 and 2–303 thru 2–304 of the Criminal Law Article.

that the jury in a murder case who render a verdict of murder in the first degree, may add thereto the words "without capital punishment," in which case the sentence of the court shall be imprisonment for life, and in no case where a jury shall have rendered a verdict in manner and form as hereinbefore prescribed, "without capital punishment," shall the court in imposing the sentence, sentence the convicted party to pay the death penalty.

During the sentencing hearing, Wilkins's attorney argued for a sentence less than life imprisonment because "a life sentence is to, in essence, exile him from society." In support of this argument, Wilkins's attorney stated: "Your Honor, under the provisions of Art. 27, Section[s] 641(a) [8] [sic] and 643 [9] this Court has the discretion, if it sees fit to exercise that discretion, to give a sentence less than that called for of life imprisonment with a conviction of first-degree murder." The sentencing judge ultimately concluded:

I would agree that this may well have been a proper case for the death penalty. On the other hand, this was a question of fact for the jury to decide. They decided that you were guilty of murder in the first degree but they recommended—and it is mandatory on the court—that it be without capital punishment, and thus it will be. Now, even though your counsel has argued that the court could give something else than life imprisonment, we don't agree with this. On the other hand, let the record clearly show we will assume that we do have a right to give something less than

---

8. The correct cite is to section 641 A.

9. Effective October 1, 2002, § 643 was repealed and re-enacted without substantive change as Md.Code (1957, 2002 Repl.Vol.), § 14–102 of the Criminal Law Article. It provides, in pertinent part:

In all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the several judges of the circuit courts of the counties ... may, in lieu of the minimum penalty so prescribed, impose a lesser penalty of the same character; provided, however, that nothing herein contained shall be construed as affecting any maximum penalty fixed by law, or the punishment for any crime where the law provides one and only one penalty.

the death penalty, but in this case we see no reason in the world why there should be anything other than the life imprisonment in this case because it is just not warranted under the facts of what happened. It was purely and clearly premeditated first-degree murder any way you look at it.

In our view, irrespective of any interpretation that may be given to the sentencing judge's reasons for imposition of a life sentence, the sentence imposed was not illegal within the meaning of Rule 4–345(a). By analogy, the sentencing decision in the present case is no different than a maximum sentence imposed for the following crimes: (1) 30 years for murder in the second degree; (2) 20 years for robbery with a deadly weapon; or (3) life for first-degree rape. All of the above sentences are within the statutory limits for the crimes committed. None of the sentences could properly be characterized as an illegal sentence if the sentencing judge failed to suspend all or any portion of the sentences imposed. Even assuming, without deciding, that the sentencing judge, in this case, did not acknowledge his discretion to suspend all or a part of the life sentence imposed, the sentence actually imposed was not illegal. Therefore, an alleged defect resulting from failure to acknowledge the discretion to suspend any portion of the life sentence does not render the sentence illegal. *See Gunning v. State,* 347 Md. 332, 351, 701 A.2d 374, 383 (1997) (finding reversible error where the trial judge abused his discretion in failing to recognize that the State was entitled to withdraw a subsequent offender notice and that the court had discretion to sentence the defendant in accord with the plea agreement).

In *Gunning,* this Court determined that the trial judge's failure to exercise discretion, by arbitrarily rejecting the defendants' requests for witness identification instructions as always inappropriate, amounted to a misunderstanding of the law, an abuse of discretion, and reversible error. *Id.* at 353–54, 701 A.2d at 384–85. We summarized the general rules regarding the exercise of judicial discretion:

It is will settled that a trial judge who encounters a matter that falls within the realm of judicial discretion must exercise his or her discretion in ruling on the matter. *Colter v. State*, 297 Md. 423, 426, 466 A.2d 1286, 1288 (1983). That exercise of discretion must be clear from the record. *Nelson v. State*, 315 Md. 62, 70, 553 A.2d 667, 671 (1989). The court's failure to fulfill this function can amount to error, that "ordinarily" requires reversal. *Maus v. State*, 311 Md. 85, 108, 532 A.2d 1066, 1077 (1987).

*Id.* at 351, 701 A.2d at 383.

As to the meaning of judicial discretion this Court said:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion it will not be disturbed on review except on a clear showing of abuse of discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

*Id.* at 351–52, 701 A.2d at 383 (citations omitted). *See Beverly v. State*, 349 Md. 106, 127, 707 A.2d 91, 101 (1998) (finding reversible error, resulting in a remand for a new sentencing where the sentencing judge abused her discretion in failing to recognize that she had discretion to sentence in accord with the plea agreement); *Kaylor v. State*, 285 Md. 66, 69, 400 A.2d 419, 421 (1979) (noting that imposition of a sentence in a criminal case is a matter within the broad discretion of the judge and listing the general restraints on a sentencing judge's broad power to impose sentences); *Logan v. State*, 289 Md. 460, 480–87, 425 A.2d 632, 646 (1981) (holding that it was not an abuse of the sentencing judge's discretion or reversible error for the judge to take into consideration at sentencing that the defendant confessed to other crimes, even though the confessions were obtained illegally); *Teasley v. State*, 298 Md. 364, 371, 470 A.2d 337, 340 (1984) (holding that even if the sentencing judge mistakenly applied the sentencing guidelines

in imposing a consecutive, rather than a concurrent sentence, the sentences imposed were lawful within the statutory limits and "constituted the end result of a good-faith exercise of the trial judge's discretion"); *State v. Dopkowski*, 325 Md. 671, 683, 602 A.2d 1185, 1190–91(1992) (finding no abuse of discretion when the trial judge reimposed a five-year sentence, after an adjudication of violation of probation, without the trial judge explicating that he exercised his discretion in reaching that result).

In *Maus v. State*, 311 Md. 85, 108, 532 A.2d 1066, 1077–78 (1987) we pointed out that "[w]hen a court must exercise discretion, failure to do so is error, and ordinarily requires reversal" (citing with approval *Colter v. State*, 297 Md. 423, 427–31, 466 A.2d 1286, 1289–90 (1983)). Similarly, in the present case, if the sentencing judge abused his discretion, the error was a proper subject for appellate review on direct appeal. It is clear that Wilkins did not raise any issue concerning the propriety of his sentence on direct appeal to the Court of Special Appeals in 1972. See *Wilkins*, 16 Md. App. at 601, 300 A.2d 411, *aff'd*, 270 Md. 62, 310 A.2d 39, *cert. denied*, 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889. Having failed to raise the issue on direct appeal, he may not raise it here, under the guise of a motion to correct an illegal sentence.

In *State v. Wooten*, 277 Md. 114, 116–118, 352 A.2d 829, 831–32 (1976), we held that "nothing in the language of Art. 27 § 641A ... prevent[s] trial judges, in their discretion, from suspending life sentences imposed under [Art. 27] [§ ] 413." Although *Wooten* was decided four years after the sentencing in this case, it involved the sentencing court's exercise of discretion and its authority to suspend all but the first eight years of a life sentence imposed for first-degree murder. At the time of sentencing "[t]he State objected, contending that the court was without authority to suspend any portion of the term, and thereupon filed a motion ... to correct what it asserted was an illegal sentence." *Id.* The trial court denied the motion and, on appeal to the Court of Special Appeals, the

intermediate appellate court affirmed, holding that the sentencing judge's action was permissible. *Wooten,* 277 Md. at 115, 352 A.2d at 831. We granted certiorari and affirmed the judgment of the Court of Special Appeals. At the time of *Wooten,* the State, pursuant to Md.Code (1957, 1968 Repl. Vol.), Art. 5 § 14, was entitled "to appeal from a trial court's denial of a motion to correct an illegal sentence." [10] Although, in *Wooten,* we determined the legality of the trial court's decision to suspend part of a life sentence, we did not decide the legality of the trial judge's failure to recognize its power to exercise judicial discretion. In *Wooten,* the issue before this Court, after direct review by the intermediate appellate court, was whether the sentence was permitted by law. *Wooten,* 277 Md. at 115, 352 A.2d at 831. The question here is whether the sentencing judge abused his discretion in failing to weigh whether to suspend a portion of the life sentence imposed. The question in *Wooten* was substantive, while the question here is procedural.

In *Williamson v. State,* 284 Md. 212, 395 A.2d 496 (1979), we granted certiorari to address whether the sentencing judge had refused to follow this Court's decision in *Wooten.* The sentencing judge expressly stated at the time of Ms. Williamson's sentencing for murder that, in the judge's opinion, a life sentence could not be suspended even though this Court, in *Wooten,* had held that a portion or all of a life sentence for murder could be suspended within the discretion of the sen-

---

**10.** Effective, January 1, 1974, Md.Code (1957, 1974), §§ 12–301 and 12–302 Courts of the Judicial Proceedings Article were enacted and restricted the State's right to appeal:

Section 12–301 provides: "Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court...." Section 12–302(c), provides: "In a criminal case, the State may appeal as provided in this subsection. (1) ... from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment or inquisition. (2) The State may appeal from a final judgment if the State alleges that the trial judge:

(i) Failed to impose the sentence specifically mandated by the Code; or

(ii) Imposed or modified a sentence in violation of the Maryland Rules."

tencing judge. *Wooten,* 277 Md. at 115, 352 A.2d at 831. Essentially, the sentencing judge in *Williamson* concluded that the Court of Appeals was wrong in its interpretation of Art. 27 § 641A, and so he elected not to follow an opinion of this Court. *Williamson,* 284 Md. at 213–14, 395 A.2d at 496–97. In reversing the sentencing judge and remanding the case for a new sentencing proceeding, we pointed out that, "[b]y precluding any consideration of suspending any part of the life sentence, the trial judge denied appellant's right to a proper exercise of the discretion vested in him." *Williamson,* 284 Md. at 215, 395 A.2d at 497. The question of the sentencing judge's failure to exercise discretion was not raised as a collateral attack to the sentence imposed but was a subject on direct appeal before the Court of Special Appeals after consideration of the issue on remand to the trial court. *See State v. Williamson,* 282 Md. 100, 382 A.2d 588 (1978).

The procedural history in *State v. Chaney,* 375 Md. 168, 825 A.2d 452 (2003) is significant to our resolution of the issues raised in the present case. Following affirmance on direct appeal of his conviction and sentence for murder in the first degree, Chaney filed a "Motion For Appropriate Relief" in the Circuit Court for Calvert County. The trial court treated the motion as a petition for post conviction relief. The motion was denied and Chaney appealed to the Court of Special Appeals. The intermediate appellate court characterized the motion as one to correct an illegal sentence on the premise that the sentence imposed was illegal because the sentencing judge did not consider suspension of all or a part of Chaney's sentence. *Chaney,* 375 Md. at 171, 825 A.2d at 454. In that case, the trial judge specifically said: "The law provides a single penalty and no other penalty and so the sentence in the discretion of the Court in this case is limited to the imposition of that penalty." *Chaney,* 375 Md. at 175, 825 A.2d at 452. Ultimately, the Court of Special Appeals reversed, holding that the Circuit Court rendered the sentence illegal when it impermissibly did not consider a suspended sentence as being within its judicial discretion. *Chaney,* 375 Md. at 174, 825 A.2d at 455. We reversed.

In *Chaney*, we held that there was insufficient evidence in the record to establish that the sentencing judge failed to recognize that he had the discretion to suspend all or a portion of the life sentence imposed. *Chaney*, 375 Md. at 179, 825 A.2d at 458. This Court determined that merely because a sentencing judge does not "expressly and consecutively acknowledge the existence of a second statute permitting ... [the] suspension of ... [a life sentence, is not a] sufficient [basis] to infer that [the sentencing judge] is unaware of its potential application to the sentence he impos[es]. . . ." *Chaney*, 375 Md. at 179, 825 A.2d at 458. Accordingly, we concluded that the sentencing judge did not err and his action did not warrant a new sentencing proceeding. The State and Chaney presented in their briefs, filed in this Court and the intermediate appellate court, the issue of the legality of Chaney's sentence due to the alleged failure of the sentencing court to recognize its discretion to suspend part of Chaney's life sentence; however, "during oral argument before us, Chaney affirmatively withdrew any argument that [h]is case involve[d] an illegal sentence. . . ." *Chaney*, 375 Md. at 174, 825 A.2d at 455. Thus, in *Chaney* we did not address the question of illegality of the sentence imposed due to the alleged failure of the sentencing judge to recognize its discretion to suspend all or any portion of Chaney's life sentence for first-degree murder.

The *Chaney* case involved "the most fundamental principle of appellate review [ ] in that the action of a trial court is presumed to have been correct and the burden of rebutting that presumption is on the party claiming error first to allege some error and then to persuade us that the error occurred." *Chaney*, at 183–184, 825 A.2d at 461. Chaney failed to provide us with any evidence sufficient to rebut the presumption that the sentencing judge knew and properly applied the law. We never addressed the question of whether a motion to correct an illegal sentence was the proper vehicle for raising the alleged error occurring in the sentencing proceedings. In *Williamson*, the question as to the sentencing judge's failure to exercise discretion when he refused to consider suspending

any part of the life sentence was raised on direct appeal of Williamson's conviction and sentence for murder in the first degree. *Williamson,* 284 Md. at 213, 395 A.2d at 496. Although the sentencing judge in *Williamson* erred in refusing to exercise his discretionary power to suspend the life sentence or any portion of it, his actions in rejecting our previous determination that a sentencing court could suspend all or part of a life sentence "denied appellant's right to a proper exercise of the discretion vested in [the judge]." *Williamson,* 284 Md. at 215, 395 A.2d at 497. We did not characterize the sentence as illegal *per se,* but concluded that the sentencing judge failed to exercise "judicial discretion." *Id.* Moreover, we note that any illegality must inhere in the sentence, not in the judge's actions. In defining an illegal sentence the focus is not on whether the judge's "actions" are *per se* illegal but whether the sentence itself is illegal.

In *Wooten,* we determined that the trial court had the power to suspend the execution of a portion of a life sentence imposed for first-degree murder. *Wooten,* 277 Md. at 117–18, 352 A.2d at 831–32. We were not asked to decide the question presented here, the legality of the trial court's failure to recognize its power to exercise judicial discretion. In other words, the preliminary question here is whether the trial court abused its discretion in failing to exercise discretion. In our view, this is not a question of sentence legality. This question is more appropriately characterized as one of judicial discretion and the failure to exercise that discretion.

A motion to correct an illegal sentence is not an appropriate vehicle to address the question raised in this case. The life sentence imposed in this case was not illegal within the contemplation of Rule 4–345(a). Clearly, the alleged defect in sentencing could have been raised on direct appeal from the conviction and sentence imposed in this case. The alleged procedural defect, in the appropriate case, may be a proper subject of post conviction relief.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH**

DIRECTIONS TO DISMISS THE APPEAL. RESPON-
DENT TO PAY THE COSTS IN THIS COURT AND IN
THE COURT OF SPECIAL APPEALS.[11]

Concurring and Dissenting Opinion by HARRELL, J.,
which Bell, C.J., joins.

I would reach nearly the same result as the Majority, but
not entirely so. More importantly, I am in disagreement with
the reasoning of the Majority opinion. I believe that a
sentencing judge's failure to recognize his or her discretion in
sentencing a defendant, if made manifest on the record, is a
deficiency that inheres in the sentence itself. For that reason,
I would consider the merits of Wilkins's argument and, none-
theless, hold that Petitioner failed to prove that the sentencing
judge failed to recognize his discretion and exercise it in
ordering a life sentence. Thus, I would reverse the judgment
of the Court of Special Appeals and remand with directions to
affirm, on the merits, the Circuit Court's denial of Wilkins's
motion to correct illegal sentence.

I.

As the Majority states, a court may correct an illegal
sentence at any time. Md. Rule 4–345(a). A sentence is
illegal, for purposes of Md. Rule 4–345(a), when there is some
substantive illegality in the sentence itself. *Evans v. State*,
382 Md. 248, 278–79, 855 A.2d 291, 309 (2004); *Walczak v.
State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985); *Corcoran v.
State*, 67 Md.App. 252, 255, 507 A.2d 200, 202 (1986). "The
notion of an 'illegal sentence' within the contemplation of the
*Walczak* decision deals with substantive law, not procedural
law. It has obvious reference to a sentence which is beyond
the statutorily granted power of the judge to impose." *Cor-
coran*, 67 Md.App. at 255, 507 A.2d at 202.

---

11. The State filed a motion, entitled "Motion To Strike Appendix of
Respondent," pursuant to Md. Rule 8–504(c). In light of our decision
in this case, the motion is denied.

The Majority contemplates "illegality" in too narrow and novel a manner. The Majority posits that if the sentence imposed is within the statutorily permitted sentencing limits for the crime or crimes involved, then the sentence is not "illegal," despite a failure by the sentencing judge to recognize his or her discretion to suspend all or a portion of the sentence. 393 Md. 276–79, 900 A.2d 769–71 (2006). We have never held so until now. The principal authorities relied upon by the Majority to support its conclusion do not provide the necessary analyses or bases to reach the Majority's conclusion here. In addition, those principal authorities are distinguishable from the present case because both cases concern alleged procedural errors.

The Majority cites *Randall Book Corporation v. State*, 316 Md. 315, 558 A.2d 715 (1989), for the proposition that "[a]n error committed by the trial court during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sentence or sanction is itself lawful." 393 Md. 275, 900 A.2d 769 (2006). In *Randall Book Corporation*, we concluded that, of three contentions argued by the defendant in a motion to correct illegal sentence, one contention was not permitted to be raised in such a motion. *Randall Book Corp.*, 316 Md. at 322, 558 A.2d at 719. The defendant asserted that his sentencing violated the Double Jeopardy Clause and Eighth Amendment because the court imposed multiple sentences for the same offense and the sentence imposed was the aggregate of 116 sentences. *Id.* The defendant also asserted that the sentencing judge was motivated by impermissible considerations. *Id.* We held that the existence of improper motivation, if proven, may justify vacation of the sentence, but did not render the sentence illegal within the meaning of Rule 4–345. *Randall Book Corp.*, 316 Md. at 323, 558 A.2d at 719. If the record reveals that a judge took into account impermissible considerations when sentencing a defendant, then the judge committed an error of procedure, as opposed to a error of substantive statutory or constitutional

law. Considering extraneous circumstances is an error external to the sentence itself—a deficiency of process.

The Majority cites also *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417, 422 (1962), where the U.S. Supreme Court stated that an alleged error by the trial judge where the defendant was not invited to allocute on his own behalf at sentencing, on a motion equivalent to motion to correct an illegal sentence (Rule 35 of the Federal Rules of Criminal Procedure), did not transform the sentence imposed into an illegal one. The Court stated: "The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any respect.[ ]" *Id.* (Footnote omitted). Rule 32(a) of the Federal Rules of Criminal Procedure provided in pertinent part, "[b]efore imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." *Hill,* 368 U.S. at 425–26, 82 S.Ct. at 470, 7 L.Ed.2d at 419–22 (citing FRCP Rule 32(a)). The Court characterized the purported error as "neither jurisdictional nor constitutional," "not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of a fair procedure." *Hill,* 368 U.S. at 428, 82 S.Ct. at 471, 7 L.Ed.2d at 421.

In contrast to the rules of criminal procedure at issue in *Hill* and *Randall Book Corporation,* the error at issue here is an asserted violation of statutory authority (sentencing discretion) vested in the sentencing court. At the time Wilkins was sentenced, Section 641A of Article 27 provided in pertinent part:

Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the

remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years. Maryland Code (1957, 1971 Repl.Vol.), Article 27, § 641A.[1] In "clear, unambiguous and unqualified language, [§ 641A] bestows upon courts the power to suspend completely or partially any and all sentences over which they have jurisdiction." *State v. Wooten*, 277 Md. 114, 117, 352 A.2d 829, 831 (1976). A sentencing judge commits error if he or she refuses to acknowledge his or her power to suspend completely or partially the sentence to be imposed. *Williamson v. State*, 284 Md. 212, 215, 395 A.2d 496, 497 (1979); *Wooten*, 277 Md. at 117–19, 352 A.2d at 832. The allegation of error in the present case is the imposition of a sentence in a manner that violates a statute. Hence, if made manifest on the record, the judge's refusal to recognize his or her power to suspend all or part of an imposed sentence results in an illegal sentence because the deficiency inheres in the sentence.

## II.

Wilkins argues that the statements of the sentencing judge demonstrate a refusal to recognize his power to suspend all or a portion of the life sentence ultimately imposed. I would hold that the record does not demonstrate such a refusal.

In *Williamson*, the sentencing judge explicitly refused to recognize his discretion to suspend all or a portion of a life sentence. The defendant was convicted in the Circuit Court for Baltimore County of murder in the first-degree, conspiracy to murder, and solicitation of murder. *Williamson*, 284 Md. at 213, 395 A.2d at 496. The court sentenced her to life imprisonment for murder and to a concurrent five-year term for the merged convictions for conspiracy and solicitation. *Id.* Defendant argued that she was entitled to a new sentencing proceeding because the sentencing judge affirmatively declined to abide by our holding in *Wooten*. *Id.* We agreed. *Williamson*, 284 Md. at 215, 395 A.2d at 497. The following

---

1. Unless otherwise provided, all statutory references are to former Article 27, § 641A.

exchange between the sentencing court and defense counsel in *Williamson* underscored the sentencing judge's prejudicial error:

> THE COURT: As far as the murder conviction is concerned, there's no choice. She gets life.
>
> MR. GLASER [defense counsel]: No, Your Honor, there is a choice. You can suspend part of it. I brought the *Wooten* case with me.
>
> THE COURT: I understand that, and I completely disagree with Judge Raine and the Court of Appeals. I think the Legislature said when a person kills somebody else or causes them to be killed, it's life. So as far as I am concerned, the sentence on the murder charge is life....
>
>             \*      \*      \*
>
> MR. GLASER: I was going to comment to the Court on the *Wooten* case, but I guess I won't do that either.
>
> THE COURT: No. I have very strong feelings about that.

(Alteration in original). 284 Md. at 213–214, 395 A.2d at 496. "We [thought] it evident from the comments of the trial judge that notwithstanding *Wooten* he refused to recognize his discretionary power to suspend the mandatory life sentence or any part of it." *Williamson*, 284 Md. at 215, 395 A.2d at 497. Although *Williamson* raised the issue on direct appeal, it is my view that she could have raised it as well in a Rule 4–345(a) motion to correct illegal sentence.

*Williamson* is clearly distinguishable on the facts from the present case. Here, the sentencing judge uttered no comment that would lead us to conclude that he refused arbitrarily or unreasonably to recognize his discretionary power to suspend all or part of Petitioner's life sentence. According to the record in the present case, the sentencing judge was aware of his power of discretion and exercised that discretion by not suspending any portion of the life sentence imposed. 393 Md. 277–78, 900 A.2d 770 (2006) ("On the other hand, let the record clearly show we will assume that we do have a right to give something less than the death penalty, but in this case we see

no reason in the world why there should be anything other than the life imprisonment in this case because it is just not warranted under the facts of what happened. It was purely and clearly premeditated first-degree murder any way you look at it."). Because the sentencing judge in the present case gave no indication of refusal to exercise his discretion to suspend all or any portion of the life sentence imposed, I would reverse the judgment of the Court of Special Appeals and remand to that court with directions to affirm the judgment of the Circuit Court for Prince George's County.

Chief Judge BELL authorized me to state that he joins this opinion.